263 So.2d 218 (1972)
EASTERN ELEVATOR, INC., Petitioner,
v.
Esther C. PAGE, et al., Respondents.
No. 41466.
Supreme Court of Florida.
May 10, 1972.
*219 Thomas B. Mimms, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for petitioner.
Law Offices of Fritz Herman, Fort Lauderdale, for respondents.
DEKLE, Justice.
In another "failure to prosecute" case, we are asked to review by conflict certiorari another decision of the Fourth District Court of Appeal, at 250 So.2d 326 (1971). It is alleged to conflict with the same prior decisions of this Court in Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706 (Fla. 1951), and Sroczyk v. Fritz, 220 So.2d 908 (Fla. 1969), as were asserted in Musselman Steel Fabricators, Inc. v. Radziwon, the other Fourth District case at 250 So.2d 327 (Fla.App. 4th 1971), cert. dischg. with opinion this day, 263 So.2d 218 (Fla. 1972), involving construction of the same Rule 1.420(e), 30 F.S.A.[1] Fla. Const. art. V, § 4(2), F.S.A.
The respondent (plaintiff in the trial court) filed suit against petitioner and others (defendants). Plaintiff's filing of an amended complaint on January 21, 1969, was the last affirmative action taken by her in the prosecution of the instant cause. Within one year from plaintiff's last affirmative act, one of several defendants filed written interrogatories to plaintiff on October 27, 1969, but the plaintiff never answered them. On August 14, 1970, more than one year after the plaintiff filed her amended complaint, defendants moved to dismiss plaintiff's cause of action pursuant to Rule 1.420(e). The motion was denied by the trial court. The district court affirmed holding that the one defendant's filing of written interrogatories to be answered by plaintiff constitutes a sufficient affirmative showing of prosecution of the action to justify denial of the motion to dismiss.
Did this constitute sufficient "action" within the meaning of Rule 1.420(e)? We did not at first think so, particularly in light of Gulf Appliance Distributors, Inc., supra, relied upon for conflict. There this Court's present Chief Justice Roberts with great clarity pointed out that the mere substitution of defendant's counsel and the order thereon was hardly such "action" in the prosecution of the cause as the statute contemplated. It was the language used in that opinion which at first led us to believe that it was the action of a plaintiff which was required. We find, however, that this was merely an inferential reference within a quote from a Louisiana case, Augusta Sugar Co. Ltd. v. Haley, 163 La. 814, 112 So. 731, 732, used in Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706, 707 (Fla. 1951), as follows:
"`We think that a step in the prosecution of a suit means something more than a mere passive effort to keep the suit on the docket of the court; it means some active measure taken by plaintiff, intended and calculated to hasten the suit to judgment. ...' (Emphasis is supplied.)"
We do not believe that in this context such significance can be placed on the mere quote of the word "plaintiff" as would be precedent for the holding sought here that it is only action of a plaintiff which will prevent dismissal for lack of prosecution within one year. In the same *220 quote above, Chief Justice Roberts does set forth, however, what is probably the best guideline for the type action which will prevent dismissal for lack of prosecution:
"`We think that a step in the prosecution of a suit means something more than a mere passive effort to keep the suit on the docket of the court; ...'" Gulf Appliance Distributors, v. Long, supra. (emphasis added)
We can understand that substitution of counsel in Gulf Appliance is rather a passive matter that really does not move the action. In the case of depositions or of interrogatories, however, which is a factor here involved (even though they were not answered), we view such an affirmative move as a positive step "calculated to hasten the suit to judgment" and the failure to answer cannot retroactively nullify the "action" of filing and serving interrogatories. Certainly it was for the purpose of moving the cause along.
We are interested today in moving causes and in expediting litigation in the proliferation of increasing law suits. The purpose of the rule is best served by recognizing and encouraging as sufficient "prosecution," action on the part of either party which is more than "a mere passive effort," when it is an affirmative act directed toward the disposition of the cause.
Sroczyk v. Fritz, supra, also cited for conflict, footnotes the same fact that a change in counsel is not sufficient action to avoid the statute, citing Gulf Appliance. The holding in the case, however, deals with what constitutes a showing of good cause which is not a factor in the case at bar and could not therefore constitute conflict. Here the question is purely one of whether there was "action." True, the facts constituting the action may be set up in some instances in a response to show good cause why the case should not be dismissed, but that would still be, basically, a question of whether there was proper action taken, where such action appears in the response as the "cause" shown.
Our First District in Rosenfeld v. Glickstein, 200 So.2d 242 (1967), held that a plaintiff's filing of a notice of taking deposition constituted an act of prosecution.
Our Second District in Cypress Corp. of Fla. v. Smith, 218 So.2d 481 (1969), held that the filing of an answer by a defendant constitutes "prosecution" of an action. Petitioner in his brief does not find the Cypress decision "particularly disturbing because it preserves the basic concept of the test which is that the action must be some active measure intended and calculated to hasten the suit to judgment." We see no distinction between the movement provided by an answer and that by the filing of written interrogatories or deposition in moving the merits of the cause which certainly "hastens the suit to judgment," as petitioner puts it. It, for example, sets the basis for a possible summary judgment. Even if NOT answered, it creates a ground for possible dismissal. R.C.P. 1.380(b) (2) (iii).
Fund Ins. Companies v. Preskitt, 231 So.2d 866 (4th DCA Fla. 1970), held defendant's filing of a contraverting affidavit to plaintiff's motion for summary judgment, to be sufficient action under the rule.
We accordingly stand with these precedents in this clarification of the point for future guidance. We consider the casual reference to "plaintiff's" action in Gulf Appliance (as explained above) as appropriate in that case, wherein it was the plaintiff's action only which was being considered, and not as precluding the consideration of appropriate action under the statute by a defendant as well.
It therefore becomes apparent from this analysis of the several cases on the point that there is no real conflict and accordingly the writ of certiorari initially granted is now
Discharged.
ROBERTS, C.J., and ERVIN, CARLTON, ADKINS, BOYD and McCAIN, JJ., concur.
NOTES
[1] "Failure to Prosecute. All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion (as amended effective Oct. 1, 1968)."