BASKIN, Judge.
Appellant Silverman appeals the dismissal of his action pursuant to Florida Rule of Civil Procedure 1.420(e), requiring dismissal unless there has been record activity during the preceding year. Thirteen days before the one-year period expired, Silverman filed a Notice of Taking of Deposition directed to an out-of-state, non-party witness. Because Silverman was ill, the deposition was cancelled. The witness was alleged to be indispensable to Silverman’s claim. Equi-fax argues that Silverman’s notice constituted “passive effort” and that dismissal was proper. We reverse.
In American Salvage & Jobbing Co. v. Salomon, 367 So.2d 716 (Fla.3d DCA 1979), this court held:
It is obvious that the effect of the amendment is to preclude a trial court from exercising its ... inherent, discretionary power to dismiss a case for failure to prosecute, when, as in this case, there is activity of record within one year prior to dismissal.
*929 Id. at 717. In Harris v. Winn-Dixie Stores, Inc., 378 So.2d 90 (Fla. 1st DCA 1979), the court stated that a notice of taking deposition of a party, even if cancelled, advanced the action. We believe the same principle applies here. The notice of deposition, although not directed to a party, involved an important witness and, even though can-celled, advanced the action. See also Eastern Elevator, Inc. v. Page, 263 So.2d 218 (Fla.1972).
For these reasons, we reverse the trial court’s dismissal and remand for further proceedings.
Reversed and remanded.