547 So.2d 1286 (1989)
Q.I.P. CORPORATION, a Florida Corporation D/B/a Quality Instant Print, Appellant,
v.
Wallace E. BERGER, Appellee.
No. 88-1809.
District Court of Appeal of Florida, Fourth District.
August 30, 1989.
*1287 Diane M. Perry of Pershes & Schwartz, P.A., Plantation, for appellant.
Marc H. Brawer of Law Offices of Marc H. Brawer, Sunrise, for appellee.
STONE, Judge.
The appellee initially sued the appellant to foreclose a security agreement on a business. The appellant filed a counterclaim, alleging fraud in the initial sale. The foreclosure portion of the case was resolved by a stipulated return of the business to the appellee, leaving the counterclaim unresolved. This is an appeal from an order dismissing the counterclaim, in part for failure to state a cause of action, in part as a sanction, and in part for failure to prosecute. We reverse.
In 1986 the trial court had denied an earlier motion to dismiss the counterclaim for failure to state a cause of action. At that time the court expressed the view that the alleged fraud was mere "puffing" and that the counterclaimant was not serious about its pleading. Nevertheless, the court denied the motion to dismiss, and ordered the counterdefendant to respond within ten days. No answer to the counterclaim was ever filed because the parties agreed to defer further pleading pending settlement negotiations. Also in 1986, the court ordered the appellant to pay a $300 attorney fee and to furnish certain reports to the appellee as a condition for remaining as a debtor in possession during the foreclosure proceedings. The defendant did not file the reports and initially paid only one-half of the fee. The balance of the fee was paid just prior to the hearing on the motion under review.
In May, 1986, pursuant to a stipulation, the business was transferred by the defendant to the plaintiff. That transaction did not resolve the pending counterclaim.[1] Nothing further occurred until the counter-plaintiff, *1288 in December, 1986, filed a motion for default on the counterclaim, at which time the counterdefendant moved for sanctions for failure to comply with the prior court orders. No hearing was held on these motions. The case then sat idle for approximately fourteen months until the counterplaintiff noticed the counterdefendant for deposition. The counterdefendant sought a protective order and filed a motion to dismiss, alleging bad faith in that the appellant's attorney, through various communications with the appellee's counsel, had led appellee to believe that the counterclaim would not be pursued. The appellant corporation had also been dissolved and was not reinstated until after the motion to dismiss was filed.
The trial court found that the intervening events justified a reconsideration of the previously denied motion to dismiss for failure to state a cause of action, and granted the motion. The court further found that its failure to dismiss during the dormant period prior to the notice of taking deposition was an "oversight", and that the counterclaimant's effort at discovery was "too little too late." The trial court also noted that the counterdefendant had been prejudiced by the delay, as necessary witnesses had died. The court concluded:
To allow the Defendant, who never diligently pursued this action, despite its representations that it intended to do so, and who breached its fiduciary obligations, to pursue this case at this time, would work a serious inequity. The Court must dismiss these Counterclaims with prejudice, both upon renewal of Plaintiff's Motion to Dismiss, and as Sanctions for failure to comply with this Court's Orders.
The trial court did have the discretion to reconsider the earlier motion to dismiss. Bettez v. City of Miami, 510 So.2d 1242 (Fla. 3d DCA 1987). But, upon a review of the counterclaim, we conclude that it does state a cause of action for fraud. A.S.J. Drugs, Inc. v. Berkowitz, 459 So.2d 348 (Fla. 4th DCA 1984); Tourismart of America, Inc. v. Gonzalez, 498 So.2d 469 (Fla. 3d DCA 1986).
The order of dismissal must also fail as a sanction for the appellant's failure to furnish reports and to pay the balance of the fee. The $150 balance of the fee was paid in full before the hearing, and the need for the report was mooted by the stipulated resolution of the plaintiff's claim by the return of the business. Additionally, these circumstances do not rise to the level of willful disregard of an order of the court necessary to support the extreme sanction of dismissal. Cf. Mercer v. Raine, 443 So.2d 944 (Fla. 1983); Clay v. City of Margate, 546 So.2d 434 (Fla. 4th DCA 1989); Beauchamp v. Collins, 500 So.2d 294 (Fla. 3d DCA 1986), rev. denied, 511 So.2d 297 (Fla. 1987); Livingston v. State, Department of Corrections, 481 So.2d 2 (Fla. 1st DCA 1985).
Generally, a trial court lacks the authority to dismiss for failure to prosecute where there is record activity within the one year immediately prior to the motion to dismiss. See Philips v. Marshall Berwick Chevrolet, Inc., 467 So.2d 1068 (Fla. 4th DCA 1985); Bair v. Palm Beach Newspapers, Inc., 387 So.2d 517 (Fla. 4th DCA 1980); American Salvage and Jobbing Co. v. Salomon, 367 So.2d 716 (Fla. 3d DCA 1979). See also Fleming v. Barnett Bank of East Polk County, 490 So.2d 126 (Fla. 2d DCA 1986). Here, the appellant's serving of the discovery notices within a year prior to the appellee's motion to dismiss was legally sufficient affirmative activity of record to preclude a dismissal for failure to prosecute under rule 1.420(e), Florida Rules of Civil Procedure. See Belli v. Porsche-Audi of Broward, Inc., 503 So.2d 441 (Fla. 4th DCA 1987); Philips v. Marshall Berwick Chevrolet, Inc., 467 So.2d 1068 (Fla. 4th DCA 1985); Santa v. Thermo-Air Service, Inc., 506 So.2d 1170 (Fla. 3d DCA 1987); Liuzzo v. Crapo, 504 So.2d 480 (Fla. 1st DCA 1987); Orange Electric Co. v. Hughes Supply, Inc., 467 So.2d 479 (Fla. 5th DCA 1985).
The only remaining theory upon which to sustain the order of dismissal is under an inherent power to dismiss an action for failure to prosecute unrelated to rule 1.420. Florida case law recognizes *1289 certain circumstances in which a court may exercise an inherent power to dismiss for failure to prosecute. See Barnett Bank of East Polk County v. Fleming, 508 So.2d 718 (Fla. 1987); Szabo v. Essex Chemical Corp., 461 So.2d 128 (Fla. 3d DCA 1984). Although we sympathize with the frustration of the trial court in confronting an old case that the appellant, or counsel, had permitted to sit idle for so long, we are persuaded that rule 1.420(e) is controlling here. We conclude that the trial court lacked the discretion to dismiss the counterclaim for failure to prosecute. Therefore, the order dismissing the counterclaim is reversed and the cause is remanded for further proceedings.
We also certify the following question to the supreme court as one of great public importance.
DOES A TRIAL COURT HAVE INHERENT DISCRETION TO DISMISS A CASE FOR FAILURE TO PROSECUTE WHERE THE MOTION TO DISMISS IS NOT NOTICED PURSUANT TO RULE 1.420(E) AND THERE IS SUPPORT IN THE RECORD FOR A CONCLUSION THAT THE DEFENDANT HAS BEEN PREJUDICED BY A DELAY OF MORE THAN ONE YEAR, NOTWITHSTANDING LAST MINUTE AFFIRMATIVE ACTIVITY OF RECORD PRIOR TO THE MOTION TO DISMISS?
ANSTEAD, J., and FENNELLY, JOHN E., Associate Judge, concur.
NOTES
[1] This is assumed for the purpose of this appeal, but it is not a determination of fact by this court should the issue be raised on remand.