556 So.2d 786 (1990)
Clifton H. SMITH and Betty Jean Smith Tolman, Appellants,
v.
Guion T. DeLOACH, Appellee.
No. 89-00899.
District Court of Appeal of Florida, Second District.
February 9, 1990.
*787 Dennis R. White of Dennis R. White, P.A., Naples, for appellants.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for appellee.
HALL, Judge.
The appellants, Clifton H. Smith and Betty Jean Smith Tolman, challenge the order dismissing their complaint for failure to prosecute. We affirm. Although two depositions were taken during the year preceding the motion and copies of those depositions were improperly filed by the court reporter, no record activity was created by the parties during that year. The appellants' attempt to establish good cause in writing pursuant to Florida Rule of Civil Procedure 1.420(e) fell below the high standard previously set by this court. American E. Corp. v. Henry Blanton, Inc., 382 So.2d 863 (Fla. 2d DCA 1980).
On September 2, 1983, the appellants filed this action against the appellee, Guion T. DeLoach. The complaint alleged that Mr. DeLoach, an attorney, negligently drafted a will for Alden C. Smith. Mr. Smith is deceased. The appellants are the children of Mr. Smith and are beneficiaries under his will. Because of numerous alleged ambiguities in the will, a petition for construction of the will was filed in the probate proceeding in 1981. The appellants' complaint alleges that the probate proceeding is pending. The complaint also alleges that the appellants have and will suffer damages for attorneys' fees and costs in the probate proceeding. Although the complaint does not describe other damages in detail, the record suggests the appellants also contend that they will eventually receive a smaller than intended portion of the estate because of the ambiguous will.
The appellee answered the complaint, and the appellants responded with a motion to strike the appellee's affirmative defense. Nearly a year later, the appellants noticed their motion to strike for hearing. The court granted the motion to strike on December 11, 1984. On December 12, 1985, the appellee filed his first motion to dismiss for failure to prosecute. The appellants responded to the motion, and listed various reasons for their failure to prosecute the action. These reasons primarily related to activity in the probate proceeding and in a *788 similar malpractice action filed by the personal representative of Mr. Smith's estate. At an unreported hearing on February 18, 1986, the trial court found these reasons to be good cause for the action to remain pending.[1] The probate proceedings were ultimately terminated on June 29, 1988.
In February 1986 and June 1987, the appellants filed motions to stay or abate this action pending the outcome of the probate proceeding. These motions, however, were never set for hearing. Likewise, the appellants noticed their case for trial in April 1987. The case was initially set for trial, but was removed from the docket by an order of reassignment, following the trial judge's notice of recusal.
On July 9, 1987, the appellee filed two notices of taking deposition. The notices scheduled the two appellants for deposition on August 14, 1987. Additionally, the appellee filed requests for each appellant to produce documents at their scheduled depositions. On August 14, 1987, the appellee took the appellants' depositions. The depositions were recorded by a court reporter employed by Collier Reporting Services. On August 24, 1987, the court reporter filed the original transcripts with the clerk of the circuit court in accordance with the reporting service's routine business practice. The court reporter served no notice of this filing.
On July 11, 1988, the appellee filed a second motion to dismiss for failure to prosecute. Apparently unaware of the depositions which the court reporter had filed, the appellee filed an additional set. In response to the motion to dismiss, the appellants argued that (1) the mandatory one year had not elapsed due to the taking or the filing of the depositions, and (2) if the depositions did not constitute record activity, then the appellants had good cause to permit the case to remain pending because of the depositions, because of the unresolved motions to stay or abate, and because the probate proceeding had not concluded until June 1988. The trial court rejected the appellants' arguments and granted the motion to dismiss without prejudice.
On appeal, the appellants argue that the appellee's taking and filing of their depositions created record activity under rule 1.420(e) within the year prior to the appellee's motion to dismiss and, therefore, the motion to dismiss was prematurely filed.
Florida Rule of Civil Procedure 1.420(e) states in relevant part:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed ... unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending.
We agree with the trial court that the taking of depositions is nonrecord activity. Further, the mere fact that a notice of deposition schedules the taking of a deposition for a future date does not assure that the deposition will be taken. It does not result in activity in the record on the future date. If rule 1.420(e) was interpreted, or amended, so that the scheduling of future discovery created record activity on the future compliance date, parties could frustrate the rule by setting depositions or other discovery at various times in the distant future. Our decision is consistent with dicta in Norflor Construction Corp. v. City of Gainesville, 512 So.2d 266 (Fla. 1st DCA 1987), review denied, 520 So.2d 585 (Fla. 1988).
We also agree that the court reporter's filing of the depositions in this case was not record activity because the filing was not for any intended use by the parties or the witnesses. The depositions were filed in violation of Florida Rule of Civil Procedure 1.310(f)(3), which only permits the filing of depositions by a party or the *789 witness and for an intended use by the court. Rule 1.310(f)(3) states in relevant part:
(3) A copy of a deposition may be filed only:
(A) By a party or the witness when the contents of the deposition must be considered by the court on any matter pending before the court... .
(B) If the court determines that a deposition previously taken is necessary for the decision of a matter pending before the court, the court may order that a copy be filed by any party at the initial cost of the party.
Since the depositions were filed in violation of the rules of civil procedure, they should not be treated as activity which is "otherwise" of record for purposes of Florida Rule of Civil Procedure 1.420(e).
Having found that the taking and filing of depositions in this case is not record activity, we turn to the appellants' second contention as relates to rule 1.420(e). The amendment filed in January of 1977 prevents dismissal of a case, even though the face of the record is devoid of activity provided the opposing party can show good cause in writing why the action should remain pending. Govayra v. Straubel, 466 So.2d 1065, 1066 (Fla. 1985); In re Florida Bar, Rules of Civil Procedure, 339 So.2d 626, 629 (Fla. 1976).
The appellants in their response to the motion to dismiss allege that a probate proceeding was pending "and they could not ascertain the amount of damages necessary to proceed in the instant case, that a motion to stay and abate were pending, and that the plaintiff's depositions were taken within the year." Relying upon these reasons, the appellants contend that they had established good cause as to why the action should remain pending. We do not agree.
In order to show good cause as to why the action should remain pending when the record is devoid of activity within the preceding year, a party must show that he is justifiably prevented from proceeding with the lawsuit because of another pending action or that some action taken by the opposing party misled him about the necessity to continue prosecuting the case, creating an equitable estoppel situation. American E. Corp. at 865.
In the instant case, the resolution of the probate proceeding during the critical year does not create good cause. If the appellants correctly maintain that they had been stalling for years, waiting for the outcome of the probate proceeding, there is no explanation for their failure to file a notice for trial after the probate proceedings were concluded. See Kubera v. Fisher, 483 So.2d 836 (Fla. 2d DCA 1986).
As to the unresolved motions to stay or abate, we cannot agree that this constitutes good cause, as the appellants had filed these motions more than one year prior to the hearing and failed to set them down for hearing. Rule 1.420(e) permits an action to remain dormant if the trial court has granted a motion to stay and has filed a "stay order." The rule does not authorize a party to unilaterally override the rule simply by filing a motion.
Finally, the appellants rely on the fact that the appellants' depositions were taken by the appellee within the one year period. The fact that the appellee took the appellants' depositions would not create a good cause claim on behalf of the appellants. This action by the appellee in no way prevented the appellants from further prosecuting their action. Assuming that unilateral confusion or mistaken reliance could create the necessary good cause, there is no evidence that the taking of these depositions misled the appellants about their need to prosecute the case.[2] The appellants' written response does not state that the appellants' attorney erroneously believed the taking of a deposition constituted record activity. Thus, we do not find that the trial court abused its discretion by rejecting this ground for good cause.
*790 Since the filing of the notice of taking the depositions was the last record activity which qualifies as affirmative action directed toward the disposition of the case, and the appellants have not shown good cause as to why the action should remain pending, we affirm the trial court's order dismissing the cause for failure to prosecute.
Affirmed.
CAMPBELL, C.J., and ALTENBERND, J., concur.
NOTES
[1] Although the appellee challenges this order in his brief, our holding in this case does not require us to address the propriety of this order or the appellee's ability to challenge it without a cross-appeal.
[2] Compare Kuhlman v. Travelers Indem. Co., 344 So.2d 941 (Fla. 3d DCA 1977) (discussing pre-1977 rule) with Indus. Trucks of Fla. v. Gonzalez, 351 So.2d 744 (Fla. 3d DCA 1977).