682 So.2d 706 (1996)
R. Keith MILLIGAN and Dian H. Milligan, Appellants,
v.
William OSBORNE, etc., et al., Appellees.
No. 96-246.
District Court of Appeal of Florida, Fifth District.
November 15, 1996.
Dian H. Milligan and R. Keith Milligan, Indialantic, pro se.
Wallace W. Tudhope of Jack, Wyatt, Tolbert & Thompson, P.A., Maitland, for Appellees.
COBB, Judge.
The issue presented in this pro se appeal is whether the trial court erred in dismissing Keith and Dian Milligan's action against William Osborne for lack of prosecution. Fla. R.Civ.P. 1.420(e). The record indicates that on March 8, 1995 and March 30, 1995, a notice and amended notice of taking deposition duces tecum were filed respectively by Osborne. The Milligans argued that the above represented "record activity."
We agree with the Milligans that the notices of taking deposition constitute sufficient record activity.[1] Simply as clarification, we note that case law in Florida points to the fact that either party's record activity can serve as a basis for not dismissing under Rule 1.420(e) if the efforts are not frivolous or useless. Anthony v. Schmitt, 557 So.2d 656 (Fla. 2d DCA 1990), affirmed by, Del Duca v. Anthony, 587 So.2d 1306 (Fla.1991); Eastern Elevator, Inc. v. Page, 263 So.2d 218 (Fla.1972).
Taking note of the fact that an attorney has a duty not to abuse legal procedure, Rule 4-3.1, Rules Regulating the Florida Bar, we reject any suggestion by Osborne that his two efforts to depose the appellant, Dian Milligan, were "clearly useless and did not move the case toward conclusion." Accordingly, the final order dismissing the Milligans' action for lack of prosecution is reversed and the cause remanded for further proceedings.
REVERSED.
W. SHARP and THOMPSON, JJ., concur.
NOTES
[1] See Q.I.P. Corp. v. Berger, 547 So.2d 1286 (Fla. 4th DCA 1989), review dismissed, 554 So.2d 1167 (Fla.1989) (notice of taking deposition); Norflor Constr. Corp. v. City of Gainesville, 512 So.2d 266 (Fla. 1st DCA 1987), review denied, 520 So.2d 585 (Fla.1988)(the last undisputed record activity was the filing of a notice of taking deposition); Orange Elec. Co. v. Hughes Supply, Inc., 467 So.2d 479 (Fla. 5th DCA 1985) (notice of taking deposition even though deposition was not taken); City of Jacksonville v. Hinson, 202 So.2d 806 (Fla. 1st DCA), cert. denied, 207 So.2d 688 (Fla.1967) (notice of taking deposition).