687 So.2d 863 (1997)
Alan LEVINE, Appellant,
v.
Stanley KAPLAN, D.C., and Florida State Board of Chiropractic, Appellees.
No. 96-0553.
District Court of Appeal of Florida, Fifth District.
January 17, 1997.
Rehearing Denied February 20, 1997.
*864 Russell A. Solomon of McQuaig & Solomon, APLC, Metairie, LA, for Appellant.
Chris Muckerman of Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Cocoa, for Appellee Stanley Kaplan, D.C.
Robert A. Butterworth, Attorney General, Tallahassee, and Doquyen T. Nguyen, Assistant Attorney General, Ft. Lauderdale, for Appellee Florida State Board of Chiropractic.
ANTOON, Judge.
Alan Levine, D.C., appeals the final order dismissing his lawsuit against Stanley Kaplan, D.C. and the Florida State Board of Chiropractic for the failure to prosecute. Dismissal was proper because there was no record activity for more than one year and Dr. Levine failed to demonstrate sufficient good cause to justify why the action should remain pending. Accordingly, we affirm.
Dr. Levine filed a complaint against Dr. Kaplan in December of 1989, alleging defamation, malicious interference with a business relationship, and invasion of privacy. After two dismissals, a second amended complaint was filed in November of 1991, naming Dr. Kaplan and the Florida State Board of Chiropractic as defendants. The complaint set forth allegations of abuse of process, defamation, malicious prosecution, violation of 42 U.S.C. § 1983, and invasion of privacy. On August 28, 1995, Dr. Kaplan filed a motion to dismiss for failure to prosecute pursuant to rule 1.420(e) of the Florida Rules of Civil Procedure. One month later, the Board of Chiropractic filed a similar motion to dismiss for failure to prosecute. Following a hearing on the motions, the trial court dismissed the lawsuit.
Rule 1.420(e) provides:
Rule 1.420 Dismissal of Actions

* * * * * *

*865 (e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court ... unless ... a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending.
Dr. Levine asserts that the trial court abused its discretion in dismissing his action. In analyzing this assertion, it must first be determined whether there was any record activity within the one-year period prior to the filing of the motion to dismiss. If there was no record activity, the second question is whether good cause was shown why the action should remain pending.
Here, the motion to dismiss was filed on August 28, 1995. Thus, the relevant period runs from August 27, 1994 to August 28, 1995. See Carter v. Cerezo, 495 So.2d 202 (Fla. 5th DCA 1986). Dr. Levine states that "various pleadings" were filed on his behalf on September 1, 1994. The record does not support this claim. Although Dr. Kaplan filed a motion to quash a notice of deposition, this motion was never heard. Such a pleading, by itself, does not qualify as record activity under the rule because it did nothing to "advance the case toward resolution." Toney v. Freeman, 600 So.2d 1099, 1100 (Fla. 1992). Also, while Dr. Levine took Dr. Kaplan's deposition in September of 1994, the deposition was not filed with the court until October of 1995, two months after the motion to dismiss was filed. The mere taking of a deposition does not constitute record activity. See Smith v. DeLoach, 556 So.2d 786 (Fla. 2d DCA), rev. denied, 564 So.2d 1087 (Fla.1990). Thus, no record activity occurred within the relevant one-year time period.
Dr. Levine further contends that, even if there was no record activity between August 27, 1994 and August 28, 1995, dismissal was improper because good cause was shown as to why the case should have remained pending. We disagree.
Good cause is excusable conduct other than negligence or inattention to deadlines. It has been defined by our courts as proof of some compelling reason why the suit was not prosecuted. Bruns v. Jones, 481 So.2d 544 (Fla. 5th DCA 1986). For example, a showing of good cause may include proof of a calamity or proof of an opposing party's actions which prevented the plaintiff from prosecuting the cause. Here, in his written response to the dismissal motions, Dr. Levine argued simply that "to dismiss plaintiff's claims at this stage of the proceedings would be severely prejudicial and constitute an abuse of discretion in light of the amount of time and work expended on pursuing this claim." This argument falls significantly short of demonstrating a "compelling reason which prevented or excused [Levine] from actively pursuing the case in court."
We share the frustration of the appellant and echoed by the dissent regarding the seemingly inconsistent application of rule 1.420(e). However, the narrow question presently before us is whether the trial court abused its discretion in dismissing the action for lack of prosecution. See Barton-Malow Co. v. Gorman Co. of Ocala, Inc., 558 So.2d 519 (Fla. 5th DCA 1990). We conclude that Dr. Levine has failed to demonstrate that any abuse of discretion occurred in this matter.
AFFIRMED.
PETERSON, C.J., concurs.
GRIFFIN, J., dissents, with opinion.
GRIFFIN, Judge, dissenting.
The newest member of the dismissal-for-want-of-prosecution-of-the-month-club is reminiscent of Smith v. DeLoach, 556 So.2d 786 (Fla. 2d DCA 1990). Here the plaintiff filed notices of taking deposition of the defendant on July 28, 1994 and August 2, 1994 and took the deposition on September 9, 1994. The motion to dismiss was filed on August 28, 1995. Under prevailing case law, the case was properly dismissed even though a deposition was taken within the year because the only filing of record was the notice. The result is that filing a notice of intent to take a deposition avoids dismissal for want of prosecution but the taking of the deposition does not. Also, there was record activity within *866 the year in that one of the defendants filed a motion to quash the deposition but this does not count because it isn't deemed to be an "affirmative act calculated to hasten the suit to judgment." Counsel for appellant, who like many of the victims of this rule, is from out of state, remarked during oral argument that the case law interpreting this rule is incomprehensible and borders on the bizarre. I agree.