DANAHY, Acting Chief Judge.
The trial court dismissed this action for lack of prosecution on August 16, 1995, pursuant to Florida Rule of Civil Procedure 1.420(e). We reverse.
On December 7,1994, the appellee Margaret M. Kulubis, individually and as personal representative of the Estate of Theodore B. Potter, filed in the trial court her second request for admissions directed to the appellant Anne Cravens. The appellant Cravens filed her response to this second request for admissions on January 9, 1995. Both these filings occurred within one year prior to the filing of the appellees’ motion to dismiss for lack of prosecution.
Our supreme court has held that one defendant’s filing of written interrogatories to be answered by a plaintiff constituted a sufficient affirmative showing of prosecution of the action to justify denial of the defendant’s motion to dismiss for lack of prosecution. Eastern Elevator, Inc. v. Page, 263 So.2d 218 (Fla.1972). A request for admissions, as in this case, should have the same effect. See Milligan v. Osborne, 682 So.2d 706 (Fla. 5th DCA 1996) (notice of taking deposition filed by defendant precludes dismissal for lack of prosecution; either party’s record activity can serve as a basis for not dismissing action for lack of prosecution).
For the foregoing reasons, we reverse.
LAZZARA and WHATLEY, JJ., concur.