POLEN, Judge.
Russel Kodner appeals from an order dismissing his personal injury action for lack of prosecution. We reverse.
Florida Rule of Civil Procedure 1.420(e), provides as follows with regard to when an action can be dismissed for failure to prosecute:
Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not he sufficient cause for dismissal for failure to prosecute.
(Emphasis added.) We agree with Kodner that interrogatories and a request for production filed by FP & L less than a year before the court filed its motion, notice and hearing of dismissal, constitutes sufficient *1123 record activity, so that dismissal pursuant to the above rule was in error. See Milligan v. Osborne, 682 So.2d 706 (Fla. 5th DCA 1996)(recognizing that notices of taking deposition constitute sufficient record activity and that case law in Florida points to the fact that either party’s record activity can serve as a basis for not dismissing under Rule 1.420(e) if the efforts are not frivolous or useless). The supreme court’s opinion in Eastern Elevator v. Page, 263 So.2d 218 (Fla.1972), further supports reversal, where the court held that the filing of written interrogatories to the plaintiff within one year of the plaintiffs last affirmative act by one defendant constituted sufficient showing of prosecution of action to justify denial of the defendants’ motion to dismiss for lack of prosecution, even though the plaintiff failed to answer the interrogatories. We further disagree that the trial court had apparent authority to dismiss the instant matter for lack of reasonably diligent prosecution. See Glassalum Engineering Corp. v. 392208 Ontario Ltd., 487 So.2d 87 (Fla. 3d DCA 1986) (with the advent of the 1977 amendment to Florida Rule of Civil Procedure 1.420(e), a trial court no longer has “inherent power to dismiss a cause for failure to prosecute where there is activity of record within one year prior to the order of dismissal”). Accordingly, we reverse the order of dismissal and direct the trial court to reinstate Kodner’s action.
STONE and WARNER, JJ., concur.