ANTOON, Judge.
The Department of Environmental Protection (DEP) appeals the final order entered by the trial court dismissing with prejudice its complaint against Monteo Research Products (Monteo) for lack of prosecution. The order must be reversed because DEP filed papers within one year prior to the filing of Montco’s motion to dismiss.
In 1983, DEP sued Monteo in circuit court alleging Monteo’s disposal of chemical residue contaminated the ground and surface water in Putnam County, Florida. Evidently, there was considerable cooperation between the parties because there were three separate stipulations in which the parties agreed that the lawsuit would be stayed while they worked toward reaching a mutually satisfactory resolution. The last of these stipulations provided the lawsuit would be stayed “until the earlier of January 11, 1993, or the filing of a paper by either party, or other record activity advancing this cause towards a disposition on the merits.” The parties continued their efforts to resolve the dispute beyond January 11, 1993, but they did not renew the stay order.
In January 1997, DEP filed a “motion to revive” its lawsuit. The motion stated the parties had agreed that, with the evident completion of removal and cleanup activities which were sought as relief in DEP’s initial complaint, the only issues remaining in the case were damages and penalties. The motion then requested that the trial court “revive” the matter so that DEP could proceed on its claim for cost recovery and for damages. On May 15, 1997, DEP filed a notice of hearing on its motion.
On May 21, 1997, six days after DEP’s notice of hearing was filed, Monteo filed a motion to dismiss DEP’s lawsuit for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e), alleging there had been no record activity during the preceding year.[1] After conducting a hearing on the motion, the trial court dismissed DEP’s complaint, explaining that “nothing was filed in the court file ... for a period in excess of four years.”
The trial court’s finding that no paper had been filed for four years is not supported by the record. Both DEP’s motion to revive and notice of hearing were filed during the relevant one-year period prior to the filing of Monteo’s motion to dismiss. Accordingly, we reverse the dismissal order and remand for further proceedings. See Levine v. Kaplan, 687 So.2d 863, 865 (Fla. 5th DCA), rev. denied, 697 So.2d 511 (Fla.1997).
REVERSED and REMANDED.
COBB and THOMPSON, JJ., concur.

. Rule 1.420. Dismissal of Actions.
* * * * *
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court ... unless ... a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending.