760 So.2d 1051 (2000)
Walter HALL, Appellant,
v.
METROPOLITAN DADE COUNTY, Appellee.
No. 3D99-2794.
District Court of Appeal of Florida, Third District.
June 21, 2000.
Hoffman, Larin & Agnetti, P.A., and John B. Agnetti, North Miami Beach, for appellant.
Robert A. Ginsburg, Miami-Dade County Attorney and James J. Allen, Assistant County Attorney, for appellee.
Before COPE, LEVY and SHEVIN, JJ.
COPE, J.
Walter Hall appeals an order dismissing his lawsuit for lack of prosecution under Florida Rule of Civil Procedure 1.420(e). We conclude that the motion should not have been granted and reverse the dismissal order.
On August 16, 1999, defendant-appellee Metropolitan Dade County filed a motion to dismiss this lawsuit for lack of prosecution. Within the previous year, the defendant had taken the deposition of plaintiff.[1] The deposition had not been filed of record. There had been a notice of deposition filed in the case, but the filing date was August 3, 1998more than a year prior to the motion to dismiss for lack of prosecution.
The County's position was that since the deposition transcript was not filed with the court, the taking of the deposition did not, in and of itself, constitute record activity. The County urged that the taking of the deposition therefore could not be counted as record activity, or good cause, so as to preclude dismissal. The trial court granted the motion to dismiss for lack of prosecution, and plaintiff Hall has appealed.
In an early case construing Rule 1.420(e), the Florida Supreme Court said, "In the case of depositions ... we view such an affirmative move as a positive step `calculated to hasten the suit to judgment'.... Certainly it was for the purpose of moving the cause along." Eastern Elevator, Inc. v. Page, 263 So.2d 218, 220 (Fla.1972) (citation omitted).
At the time Eastern Elevator was decided, the Rules of Civil Procedure provided that whenever a deposition was transcribed, the court reporter would automatically file it with the court. See Fla. R. *1052 Civ. P. 1.310(f)(1967), published in In re Florida Rules of Civil Procedure 1967 Revision, 187 So.2d 598, 617 (Fla.1966). Thus in the ordinary case, the taking of a deposition would not only move the case forward, but would generate record activity when the deposition transcript was filed with the clerk by the court reporter.
Effective in 1982, the Florida Supreme Court amended the Rules of Civil Procedure to delete the requirement that depositions be routinely filed. See In re Florida Rules of Civil Procedure, 403 So.2d 926, 926, 929-30 (Fla.1981). This was done "[i]n an effort to relieve the document storage burden now experienced by all segments of Florida's court system...." Id. at 926. As a result of this "housekeeping" amendment, the taking of a deposition no longer triggered automatic record activity.
We think that the decision in Eastern Elevator, Inc. v. Page remains good law. We read Eastern Elevator to say that the taking of a deposition is a step calculated to hasten the suit to judgment and that the taking of a deposition within the preceding year, as happened in the present case, is an activity which will defeat a motion to dismiss for lack of prosecution. See 263 So.2d at 220.
The inquiry on a motion to dismiss for lack of prosecution involves a two-step inquiry. "First, the defendant is required to show there has been no record activity for the year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed." Del Duca v. Anthony, 587 So.2d 1306, 1308-09 (Fla.1991). While the taking of a deposition no longer routinely generates record activity, it should within the logic of Eastern Elevator be viewed as establishing good cause why the action should not be dismissed. Certainly the adoption of the housekeeping amendment to Rule 1.310(f) was not aimed at changing the analysis contained in Eastern Elevator, but instead was aimed at an entirely different problem: solving a record storage problem experienced by the clerks of the circuit courts.
This court has held in earlier cases that the filing of a notice of deposition constitutes record activity which will defeat a motion to dismiss for lack of prosecution. See Hannon v. Nassr, 701 So.2d 445 (Fla. 3d DCA 1997); Utset v. Campos, 548 So.2d 834, 837 (Fla. 3d DCA 1989); Silverman v. Equifax Services, Inc., 420 So.2d 928, 929 (Fla. 3d DCA 1982). Other cases in accord include Cravens v. Kulubis, 694 So.2d 780, 781 (Fla. 2d DCA 1997); Milligan v. Osborne, 682 So.2d 706, 706 (Fla. 5th DCA 1996); Q.I.P. Corp. v. Berger, 547 So.2d 1286, 1288 (Fla. 4th DCA 1989); and Harris v. Winn-Dixie Stores, Inc., 378 So.2d 90, 94 (Fla. 1st DCA 1979), disapproved on other grounds, Del Duca v. Anthony, 587 So.2d 1306, 1309 (Fla.1991). If the filing of a notice of deposition constitutes activity designed to advance the case toward conclusion, then a fortiori the actual taking of the deposition should be placed on the same footing. We certify direct conflict with Levine v. Kaplan, 687 So.2d 863 (Fla. 5th DCA 1997) (taking of deposition within previous year did not defeat motion to dismiss for failure to prosecute), and Smith v. DeLoach, 556 So.2d 786 (Fla. 2d DCA 1990) (same).[2]
*1053 We reverse the dismissal order and remand with directions to reinstate the action.
Reversed and remanded; direct conflict certified.[3]
NOTES
[1] The deposition date was August 28, 1998.
[2] We agree with Judge Griffin's dissent in Levine v. Kaplan, which states:

The newest member of the dismissal-for-want-of-prosecution-of-the-month-club is reminiscent of Smith v. DeLoach, 556 So.2d 786 (Fla. 2d DCA 1990). Here the plaintiff filed notices of taking deposition of the defendant on July 28, 1994 and August 2, 1994 and took the deposition on September 9, 1994. The motion to dismiss was filed on August 28, 1995. Under prevailing case law, the case was properly dismissed even though a deposition was taken within the year because the only filing of record was the notice. The result is that filing a notice of intent to take a deposition avoids dismissal for want of prosecution but the taking of the deposition does not. Also, there was record activity within the year in that one of the defendants filed a motion to quash the deposition but this does not count because it isn't deemed to be an "affirmative act calculated to hasten the suit to judgment." Counsel for appellant, who like many of the victims of this rule, is from out of state, remarked during oral argument that the case law interpreting this rule is incomprehensible and borders on the bizarre. I agree.
[3] We do not fault the trial court for its ruling. We infer that the trial court felt obliged to follow the case law interpretation set forth in Smith and Levine in the absence of a controlling pronouncement from this court. See Pardo v. State, 596 So.2d 665, 666-67 (Fla.1992).