763 So.2d 536 (2000)
Mercedes Diaz MIRANDA, Appellant,
v.
VOLVO NORTH AMERICA CORP., d/b/a Volvo Cars of North America; The Collection; Progressive Casualty Ins. Corp.; Angelo's Paint & Body Shop, Inc.; and Hartford Insurance, Appellees.
No. 3D98-3145.
District Court of Appeal of Florida, Third District.
July 26, 2000.
Arthur Joel Berger, Miami, for appellant.
Shirley Jean McEachern, Naples and Jon D. Derrevere, West Palm Beach; Adrian D. Ferradaz, Miami; Rumberger, Kirk & Caldwell and Joshua D. Lerner and Mark E. Grimes, Miami, for appellees.
Before COPE, FLETCHER and SHEVIN, JJ.
*537 SHEVIN, Judge.
Mercedes Diaz Miranda appeals the dismissal of her amended complaint for lack of prosecution. We reverse.
In Hall v. Metropolitan Dade County, 760 So.2d 1051 (Fla. 3d DCA 2000), this court reiterated the well-settled principle that filing a notice of deposition constitutes record activity sufficient to defeat a motion to dismiss for lack of prosecution. See Hall, 760 So.2d at 1052, and cases cited therein. Such a notice is more than "a mere passive effort to keep the suit on the docket." Del Duca v. Anthony, 587 So.2d 1306, 1309 (Fla.1991)(quoting Eastern Elevator, Inc. v. Page, 263 So.2d 218, 220 (Fla.1972)). Therefore, we hold that the trial court abused its discretion in dismissing this case.
Miranda filed a notice of deposition on January 8, 1998. The deposition did not proceed because the defendant being deposed did not attend. On January 20, Volvo filed its motion to dismiss for lack of prosecution. The notice of deposition was obviously record activity within the year preceding the filing of the motion to dismiss. This activity was sufficient to avoid dismissal under Florida Rule of Civil Procedure 1.420(e).
We acknowledge the trial court's concerns about this case's tortuous longevity. We also realize that the judge who entered the dismissal order was relatively new to the case. Judicial concerns about docket clutter notwithstanding, Rule 1.420(e) serves a narrow purpose: to encourage the movement of a case towards a conclusion on the merits. See Psychiatric Assocs. v. Siegel, 610 So.2d 419 (Fla.1992); In re Forfeiture of 1977 Chevrolet Corvette, 619 So.2d 476 (Fla. 2d DCA 1993). Trial courts do not have the inherent right to dismiss cases for failure to prosecute under the rule as a case management tool. Dismissal under 1.420(e) is limited to cases where there is a lack of record activity for periods of more than a year.
We are not unmindful that the defendants also have not done anything to move this case forward. If Miranda's counsel chose not to set the case for trial, nothing prevented defendants' counsel from taking appropriate depositions, from setting the case for trial, and moving the case forward to a conclusion. In this case, defendants' counsel's Rule 1.420(e) dismissal motion was not filed until after Miranda had noticed her deposition. At that point, dismissal under Rule 1.420(e) was inappropriate.
We respectfully suggest that the trial court manage this case by immediately setting a status conference to determine how long the parties will need to complete discovery and when the case will be ready for trial.[1] As a guideline, Miranda represented at oral argument that the case would be ready for trial within four months.
Based on the foregoing, we reverse the dismissal and remand for further proceedings.
Reversed and remanded.
NOTES
[1] Miranda will require substitute trial counsel because of her former trial counsel's present status with The Florida Bar. The trial court should order that substitution take place within a brief but reasonable time period.