784 So.2d 1087 (2001)
METROPOLITAN DADE COUNTY, Petitioner,
v.
Walter HALL, Respondent.
No. SC00-1647.
Supreme Court of Florida.
April 26, 2001.
*1088 Robert A. Ginsburg, Miami-Dade County Attorney, and James J. Allen, Assistant County Attorney, Miami, FL, for Petitioner.
John B. Agnetti of Hoffman, Larin & Agnetti, P.A., North Miami Beach, FL, for Respondent.
WELLS, C.J.
We have for review the decision in Hall v. Metropolitan Dade County, 760 So.2d 1051 (Fla. 3d DCA 2000), which the Third District Court of Appeal certified to be in conflict with the decisions in Levine v. Kaplan, 687 So.2d 863 (Fla. 5th DCA 1997), and Smith v. DeLoach, 556 So.2d 786 (Fla. 2d DCA 1990). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
*1089 We approve the Third District's reversal of the trial court's dismissal order. However, we reach our conclusion through reasoning that differs from that of the district court. We therefore approve Hall and disapprove Levine and Smith, for the reasons expressed herein.
Walter Hall filed suit against Metropolitan Dade County (County) in 1995. On August 16, 1999, the County filed a motion to dismiss for lack of prosecution pursuant to rule 1.420(e).[1] Hall argued that record activity existed to preclude dismissal because the defendant deposed him within the previous year. Hall had also served the County with an offer of judgment[2] on September 4, 1998. The County argued that Hall's deposition and the offer of judgment were not record activity because they were not filed of record. The County further argued that Hall could not show good cause to preclude dismissal, in the absence of record activity within the previous year. The trial court granted the motion to dismiss for lack of prosecution. Hall appealed the dismissal to the Third District.
The Third District reversed the dismissal, holding that the taking of a deposition is a step calculated to hasten the suit to judgment and that the taking of a deposition within the preceding year is an activity which will defeat a motion to dismiss for lack of prosecution. See Hall, 760 So.2d at 1052. The court certified its decision to be in conflict with Smith and Levine. See id.
In Smith, the trial court granted a motion to dismiss for lack of prosecution despite the fact that the plaintiff had taken and filed depositions with the court within the previous year. The Second District held that filing of depositions was not record activity because the filing was not intended for use by the parties or the witnesses. See Smith, 556 So.2d at 788-89. The Second District further held that the taking and filing of depositions would not constitute good cause to preclude dismissal because the plaintiffs could not show that they were prevented from further prosecuting their action. See id. at 789.
In Levine, the trial court also granted a motion to dismiss for lack of prosecution although the plaintiff had taken the defendant's deposition within the previous year. The Fifth District agreed with the Second District's decision in Smith and held that the mere taking of a deposition did not constitute record activity. See Levine v. Kaplan, 687 So.2d at 865. The Fifth District further held that the plaintiff failed to satisfy his burden to demonstrate good cause because the plaintiff did not show a compelling reason why the case was not prosecuted. See id.
The Third District's reasoning in the case below followed our decision in Eastern Elevator, Inc. v. Page, 263 So.2d 218 (Fla.1972). In Eastern Elevator, this Court was asked whether a defendant's filing of interrogatories was sufficient for *1090 the plaintiff to avoid dismissal for failure to prosecute. See id. at 220. This Court explained that the question was purely one of whether there was action in the case. See id. We found that the filing of interrogatories was sufficient action within the meaning of rule 1.420(e). We based our decision on the finding that interrogatories move the case forward to a conclusion. See id. at 220. In so finding, this Court noted that interrogatories were like depositions, which certainly hasten the suit to judgment.[3]See id.
This Court followed Eastern Elevator in Del Duca v. Anthony, 587 So.2d 1306 (Fla. 1991). In Del Duca, we reviewed rule 1.420(e), and set forth a two-step test for trial courts to apply when considering whether a dismissal for failure to prosecute is proper when some discovery activity has occurred during the last year. We stated that, first, the defendant must show that there was no record activity for the year preceding the motion. Second, if there was no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed. See Del Duca, 587 So.2d at 1308-09. These steps are encompassed within rule 1.420(e), which sets forth the lack of record activity for one year as triggering a dismissal unless there is a showing at least five days before the hearing of why the case should not be dismissed.
Rule 1.420(e) plainly states that actions "shall" be dismissed if it appears on the face of the record that there was no activity within the past year.[4] This requires only a review of the record. There is either activity on the face of the record or there is not. If a party shows that there is no activity on the face of the record, then the burden moves to the nonmoving party to demonstrate within the five-day time requirement that one of the three bases that would preclude dismissal exists. The factors from Del Duca, whether any activity was done in good faith and whether the activity was with any design to move the case forward, are components in evaluating whether good cause exists. We also note that when there is record activity occurring during the preceding year, such as a notice for trial which has not been acted on by the trial court, good cause always exists. See Howland Feed Mill, Inc. v. Hart, 774 So.2d 962 (Fla. 1st DCA 2001). However, we expressly state that, when there is no record activity for a year and a hearing is set on a dismissal motion, the non-moving party must set forth in writing five days before the hearing the record activities that move the case forward to a conclusion upon which that party relies as good cause.
In this case, there was no activity on the face of the record as required by *1091 rule 1.420(e). The issue in the case therefore becomes whether the offer of judgment and depositions taken but not filed were activities in the case that were done in good faith and moved the case forward to a conclusion so as to meet the good cause basis for not dismissing the action. Hall's deposition was taken, and Hall served the County with an offer of judgment. We hold that, within the meaning of rule 1.420(e), depositions taken and offers of judgment made in accordance with the Florida Rules of Civil Procedure are good cause to avoid dismissal if the depositions and offers are taken and made in good faith to move the case forward to a conclusion. For the purpose of the application of rule 1.420(e), depositions and offers of judgment are to be treated as if they had been filed in the record, except that when there is no record activity for a year, the depositions and offers of judgment taken during that year must be brought to the Court's attention in writing at least five days before a hearing on a motion for dismissal based on rule 1.420(e).
We agree with Judge Cope as he explained in the opinion below that if the filing of a notice of deposition constitutes activity designed to advance the case toward a conclusion, then, by even greater force of logic, the actual taking of a deposition is also activity designed to advance the case toward a conclusion. See Hall, 760 So.2d at 1052; see also Levine, 687 So.2d at 865-66 (Griffin, J., dissenting). It would be illogical to find that a notice of taking a deposition moves the case forward but that the actual taking of the deposition does not.
Accordingly, we approve the decision of the Third District below as is consistent with this opinion. We disapprove Levine and Smith to the extent that they conflict with this opinion.
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE and QUINCE, JJ., concur.
LEWIS, J., concurs in result only.
NOTES
[1] Florida Rule of Civil Procedure 1.420(e) states in relevant part:

Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
[2] See Fla. R. Civ. P. 1.442 (Proposals for Settlement).
[3] At the time of the Eastern Elevator decision, depositions were filed with the court as a part of the record. In 1982, this Court amended the Florida Rules of Civil Procedure to delete the requirement that depositions be automatically filed with the court. See In re Florida Rules of Civil Procedure, 403 So.2d 926 (Fla. 1981). We agree with the Third District's characterization of this amendment as "housekeeping." See Hall, 760 So.2d at 1052. The intent of the amendment was to relieve the document storage burden experienced by Florida courts while maintaining integrity of court records. See In re Florida Rules of Civil Procedure, 403 So.2d at 926. The change of the record activity status of depositions was not the main purpose of the amendments but was rather a collateral consequence.
[4] Dismissal is mandatory if it is demonstrated to the court that no action toward prosecution has been taken within a year. The trial judge has no discretion in the enforcement of this aspect of this rule. The abuse of discretion standard is triggered only if the trial court must make a determination of good cause. Little v. Sullivan, 173 So.2d 135, 136 (Fla. 1965) (decided prior to Del Duca but still applicable to the two-step analysis).