LEWIS, J.
We have before us an appeal of the lower court’s dismissal of Appellant’s action for failure to prosecute pursuant to rule 1.420, Florida Rules of Civil Proce *1236 dure.[1] The sole issue on appeal is whether the taking of a deposition within the year preceding a motion to dismiss is sufficient record activity or good cause to preclude dismissal under rule 1.420. We reverse.
Appellant, Linda Thompson, filed an action against Appellee, Loyd Sims, Inc. d/b/a Barnhill’s Country Buffet, for discrimination and negligent retention of certain employees. Appellee denied liability and discovery ensued. On June 2, 1999, Appellee filed a notice of taking Appellant’s deposition which was taken on June 23, 1999. In accordance with rule 1.310(f)(3), Florida Rules of Civil Procedure, no transcript of the deposition was filed in the court record.
On June 5, 2000, Appellee filed a motion to dismiss for failure to prosecute pursuant to rule 1.420, Florida Rules of Civil Procedure, alleging that the last record activity was on June 2, 1999. There was no record activity for the year preceding Appellee’s filing of the motion to dismiss for failure to prosecute although there had been a deposition within that time. Thus, pursuant to rule 1.420(e), Appellant had the burden to show good cause why the action should not be dismissed. Appellant timely responded to the motion to dismiss averring that there had been a deposition within the previous year and that there had been a communication problem within his office.
The trial court correctly found that there had been no record activity during the previous year. However, the trial court erroneously dismissed Appellant’s cause specifically relying on Smith v. De-Loach, 556 So.2d 786 (Fla. 2d DCA 1990)(affirming dismissal for lack of prosecution despite the fact that the plaintiff had taken and filed depositions with the court within the previous year). In dismissing Appellant’s cause, the trial court also found that no good cause had been shown sufficient to preclude dismissal of Appellant’s action.
The trial court did not have the benefit of the Florida Supreme Court’s recent decision in Metropolitan Dade County v. Hall, 784 So.2d 1087 (Fla.2001), when ruling in the instant case. In Hall, the supreme court had before it the decision in Hall v. Metropolitan Dade County, 760 So.2d 1051 (Fla. 3d DCA 2000), which the Third District Court of Appeal certified to be in direct conflict with the Second District’s decision in Smith and the Fifth District’s in Levine v. Kaplan, 687 So.2d 863 (Fla. 5th DCA 1997)(affirming dismissal for lack of prosecution although the plaintiff had taken the defendant’s deposition within the previous year). In Hall, the defendant had deposed the plaintiff within the year previous to the motion to dismiss for lack of prosecution. The plaintiff, Hall, had also served an offer of judgment on the County. The trial court granted the County’s motion to dismiss and the Third District reversed and certified the conflict with Levine and Smith. On review, the supreme court approved the Third District’s decision and explicitly disapproved Levine and Smith.
In Hall, the supreme court held as follows:
*1237 [W]ithin the meaning of rule 1.420(e), depositions taken and offers of judgment made in accordance with the Florida Rules of Civil Procedure are good cause to avoid dismissal if the depositions and offers are taken and made in good faith to move the case forward to a conclusion. For the purpose of the application of rule 1.420(e), depositions and offers of judgment are to be treated as if they had been filed in the record, except that when there is no record activity for a year, the depositions and offers of judgment taken during that year must be brought to the Court’s attention in writing at least five days before a hearing on a motion for dismissal based on rule 1.420(e).
Hall, 784 So.2d at 1090.
The supreme court also agreed with the Third District’s reasoning in Hall that if the filing of a notice of deposition constitutes activity designed to advance the case toward a conclusion, then, by even greater force of logic, the actual taking of a deposition is also activity designed to advance the case toward a conclusion: “[i]t would be illogical to find that a notice of taking a deposition moves the case forward but that the actual taking of the deposition does not.” Id.
We conclude that Hall is dispositive of the issue before us. The facts in this case are substantially similar to the facts of Hall. In Hall, there was no record activity within a year of the filing of the motion to dismiss for lack of prosecution. However, there had been a deposition and an offer of judgment within that year. In the instant case, there had been no record activity for a year, although Appellee had taken Appellant’s deposition within that year. The deposition taken during that year was brought to the trial court’s attention as required. There is no evidence in the record that the deposition was taken other than in good faith to advance the case to a conclusion.
Therefore, Appellant met her burden of showing good cause why the proceeding should not be dismissed. Further, this Court is required to apply the Hall decision to the instant proceeding. See Hillhaven Corp. v. Florida Dep’t. of H.R.S., 625 So.2d 1299 (Fla. 1st DCA 1993); In re Forfeiture of 1985 Mercedes Serial No. WDB7AQ4C1FF070173, 596 So.2d 1261, 1264 (Fla. 1st DCA 1992). Thus, applying the supreme court’s ruling in Hall, we conclude that the trial court erred when it relied on Smith and dismissed Appellant’s cause of action for failure to prosecute. REVERSED and REMANDED with directions to reinstate the action.
BARFIELD, C.J., and DAVIS, J., concur.

. Florida Rule of Civil Procedure 1.420(e) slates in relevant part:
Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, where a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of'less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.