DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AMBER REED,**
Appellant,

v.

**DUSTIN REED,**
Appellee.

No. 4D2023-1898

[May 15, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 50-2021-DR-010582-XXXX-NB.

David L. Gorman of David L. Gorman, P.A., North Palm Beach, for appellant.

No appearance for appellee.

PER CURIAM.

Appellant challenges the dismissal of a petition for dissolution of marriage for lack of prosecution. The court dismissed the case because there was no record activity during the ten months immediately preceding service of the notice, nor any record activity during the sixty days immediately following the service of the notice. A review of the record shows clearly that multiple pleadings were filed within the sixty days following the notice. Therefore, we reverse.

The court dismissed the case pursuant to Family Law Rule of Procedure 12.540. Although there is a dearth of case law construing rule 12.540, the rule is nearly identical to Florida Rule of Civil Procedure 1.420(e), making the construction of rule 1.420(e) instructive.

In *Waldeck v. MacDougall*, 300 So. 3d 1218 (Fla. 4th DCA 2020), this Court explained the "bright-line rule" prescribed by rule 1.420:

> The rule governing lack of prosecution sets forth a simple, mechanical, bright-line inquiry: has there been record activity

in the ten months preceding the issuance of the notice of lack of prosecution, or has there been record activity in the sixty days following issuance of such notice? *See* Fla. R. Civ. P. 1.420(e). Any litigant or party who has sat through a lack of prosecution calendar knows exactly how mechanical the application of this bright-line rule can be. The hearing consists of a review of the docket, and while it serves an important purpose of managing the docket and closing abandoned cases or moving slow cases forward, it often contains all the drama and legal intrigue of a DMV waiting room. No record activity, no good cause shown at least five days prior to the hearing, case dismissed. Record activity shown within the sixty-day grace period, the case survives. Simple. In this case, Appellants showed timely record activity, yet the case was nonetheless dismissed. Appellee argued, and the trial court agreed, that some record activity doesn't count. Appellee overcomplicated what is a simple, bright-line rule. Record activity, of any kind, is record activity, and the case should not have been dismissed.

*Id.* at 1219.

Our supreme court has held that activity by either the plaintiff or the defendant can constitute record activity so as to avoid dismissal for lack of prosecution. *See E. Elevator, Inc. v. Page*, 263 So. 2d 218, 219–20 (Fla. 1972). Therefore, it is immaterial that the pleadings served after receipt of the court's notice of lack of prosecution were served by the respondent rather than the petitioner.

The order of dismissal for lack of prosecution is reversed and remanded for further proceedings in the cause.

*Reversed and remanded.*

WARNER, CONNER and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2