440 So.2d 621 (1983)
TON-WILL ENTERPRISES, INC., Robert H. Klein, and Kay J. Klein, Appellants,
v.
T & J LOSURDO, INC., Vito Losurdo, and Ann Losurdo, Appellees.
No. 82-2660.
District Court of Appeal of Florida, Second District.
November 16, 1983.
Gary R. Preston of Richards, Nodine, Gilkey, Fite, Meyer & Thompson, P.A., Clearwater, for appellants.
Douglas N. Menchise, Clearwater, for appellees.
OTT, Chief Judge.
Appellants purchased an ongoing business known as the "Liquor Lodge" from appellees in January, 1982. The contract required periodic installment payments. The first $25,000 installment payment, due April 15, 1982, was not made. Thereupon, appellees filed a complaint in circuit court, seeking to foreclose the contract for deed, conditional bill of sale, and second mortgage. Appellants answered, claiming as affirmative defenses that the agreement was procured through fraudulent misrepresentation and that the contract failed for want of consideration. Appellants also filed a counterclaim for cancellation and rescission of the contract on the ground that the contract was procured through fraud and misrepresentation. In the alternative, appellants sought damages suffered as a result of the claimed fraudulent misrepresentations. Appellees' reply to the affirmative defenses consisted of a denial of the allegations and a demand for strict proof thereof. In their answer to the counterclaim, appellees offered numerous affirmative defenses, including failure to investigate and the parol evidence rule.
Appellees filed their motion for summary judgment, claiming that no genuine issue of material fact existed as to appellants' breach of the agreement by failure to make *622 the first installment payment and that they were entitled to judgment as a matter of law. The affidavits of appellees Ann Losurdo and Vito Losurdo accompanied the motion. The affiants averred that the factual allegations contained in the complaint were true, that appellants failed to make the first installment payment, and that an attorney had been retained to prosecute this action. In opposition to the motion for summary judgment, the affidavits of appellants Robert Klein and Kay Klein were filed. The affiants averred that they held discussions with the Losurdos concerning the profitability of the business prior to the written contract of sale; that the Losurdos stated that they were realizing a net profit of $10,000 per month and that the Kleins would be able to meet the installment payment schedule from the income generated by the business; that such representations were false; that the Losurdos knew of that falsehood; that the Kleins relied on such representations; that the Kleins would not have purchased the business had they known the representations were false; and that the Kleins would restore all benefits received from the transaction and premises if rescission was granted. The trial court granted final summary judgment of foreclosure for appellees.
In this appeal, appellants contend it was error to enter judgment of foreclosure in light of the issue of fraudulent misrepresentation. We agree.
In order to obtain a summary judgment when the defendant asserts affirmative defenses, the plaintiff must either disprove those defenses by evidence or establish the legal insufficiency of such defenses. Howdeshell v. First National Bank of Clearwater, 369 So.2d 432, 433 (Fla. 2d DCA 1979). Appellees made no attempt to disprove the defenses by evidence. In fact, their denial of the allegations supporting the defenses and demand for strict proof thereof created factual issues. Thus, the only remaining determination is whether the legal insufficiency of appellants' affirmative defenses of fraudulent misrepresentation and lack of consideration was demonstrated.
Appellees argue that appellants as purchasers of a business had a duty to make some reasonable inquiry or investigation of the seller's operating expenses and cannot defend or recover damages for alleged misrepresentations concerning such representations where they fail to ask for and inspect the books and records of the business, citing Butts v. Dragstrem, 349 So.2d 1205 (Fla. 1st DCA 1977), cert. denied, 361 So.2d 831 (Fla. 1978). However, in Besett v. Basnett, 389 So.2d 995 (Fla. 1980), the supreme court held that the purchaser of an ongoing business may rely on the truth of a representation of past profitability, even though its falsity could have been ascertained had an investigation been made, unless the purchaser knows the representation to be false or its falsity is obvious to him. The supreme court specifically disapproved all other decisions inconsistent with this holding. 389 So.2d at 998. Accordingly, appellants' claimed failure to investigate does not alone render their affirmative defenses legally insufficient.
Appellees also refer to the equitable principle that a party may not accept the fruits of a contract and at the same time renounce or repudiate burdens which that contract places on him. See United Contractors, Inc. v. United Construction Corp., 187 So.2d 695, 702 (Fla. 2d DCA 1966). At this point, it is sufficient to say that application of this principle requires factual development beyond the scope of the pleadings and affidavits presently filed in this case.
We note that parol evidence may establish either fraud in the procurement of a written contract, Pena v. Tampa Federal Savings and Loan Association, 363 So.2d 815, 817 (Fla. 2d DCA 1978), cert. denied, 373 So.2d 461 (Fla. 1979), or that the contract fails for want of consideration, see Wagner v. Bonucelli, 239 So.2d 619, 620 (Fla. 4th DCA 1970).
In summation, we hold that the grant of summary judgment was improper and is therefore vacated in light of the *623 existence of material factual issues concerning the affirmative defenses and appellees' failure to demonstrate the legal insufficiency of the defenses. We remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
RYDER and LEHAN, JJ., concur.