443 So.2d 485 (1984)
Samuel HAMILTON, Appellant,
v.
MILLNUL ASSOCIATES, a Partnership under the Laws of the State of New Jersey, and Henry D. Mayer, Individually, Appellees.
No. 83-1029.
District Court of Appeal of Florida, Second District.
January 13, 1984.
Stephen J. Powell of Arky, Freed, Stearns, Watson & Greer, P.A., Tampa, for appellant.
Elvin W. Phillips of Lawson, McWhirter & Grandoff, Tampa, for appellees.
LEHAN, Judge.
We affirm the lower court's order of dismissal without prejudice and hold that a *486 voluntary dismissal followed by a dismissal for lack of prosecution is without prejudice to refiling the suit.
Recently this court found there was no authority for a dismissal with prejudice when the dismissal is based solely on the failure to prosecute. McDaniel v. Onkey, 422 So.2d 70 (Fla. 2d DCA 1982). The parties agree that a dismissal under Florida Rule of Civil Procedure 1.420(e) for failure to prosecute does not constitute an adjudication on the merits.
The parties also agree that when a party has voluntarily dismissed an action under Florida Rule of Civil Procedure 1.420(a)(1), a second dismissal under that subsection operates as an adjudication on the merits and bars the claim. But the two-dismissal provision in rule 1.420(a)(1) is in derogation of the common law and should be strictly construed. Crump v. Gold House Restaurant, 96 So.2d 215, 219 (Fla. 1957).
Appellant contends that when a plaintiff takes a voluntary dismissal under rule 1.420(a)(1) and then suffers a dismissal for failure to prosecute under rule 1.420(e), the consequence should be dismissal with prejudice. We disagree. Those two types of dismissals do not result in a dismissal with prejudice under rule 1.420(a)(1) construed by any method, much less strictly construed as required by Crump. There is no proper basis to combine the language of rules 1.420(a)(1) and 1.420(e) by construing a dismissal for failure to prosecute as a second, voluntary dismissal which, in the final analysis, appears to be appellant's contention.
We should note that two voluntary dismissals do not necessarily entail dismissal with prejudice. One dismissal could be under rule 1.420(a)(1) and the second under rule 1.420(a)(2), which allows the court discretion to dismiss with or without prejudice.
AFFIRMED.
OTT, C.J., and HOBSON, J., concur.