566 So.2d 1 (1989)
Harriet L. NESBITT, Appellant,
v.
COMMUNITY HEALTH OF SOUTH DADE, INC., Andrew M. Perfilio, M.D., and Metropolitan Dade County, Florida, Appellees.
Nos. 88-2518, 88-2519.
District Court of Appeal of Florida, Third District.
September 26, 1989.
Rehearing Denied September 25, 1990.
Alan J. Hodin; Lawrence & Daniels and Adam Lawrence, for appellant.
Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson and Susan S. Lerner, Robert A. Ginsburg, County Atty. and James J. Allen, Asst. County Atty., for appellees.
Before HUBBART and BASKIN and FERGUSON, JJ.
PER CURIAM.
This is a consolidated appeal from two orders dismissing the plaintiff Harriet L. Nesbitt's wrongful death actions against, respectively, (a) the defendants Community Health of South Dade, Inc. and Andrew M. Perfilio, M.D., and (b) the defendant Metropolitan Dade County for failure to prosecute under Fla.R.Civ.P. 1.420(e). We affirm based on the following briefly stated legal analysis.
First, there was no record activity which advanced the cause for a period of over one year prior to the filing of a motion to dismiss in the plaintiff's action against the defendants Community Health of South Florida, Inc. The only documents filed in the record during this one-year period all pertained to the withdrawal of plaintiff's counsel from the case, to wit: an amended motion by plaintiff's counsel to withdraw, a notice of hearing on this motion, an order granting this motion, a notice of appearance of new counsel, and a notice of attorney's lien. It is well settled that notices, pleadings, or orders related to the withdrawal and substitution of counsel, as here, constitute insufficient record activity to defeat a motion to dismiss for failure to prosecute under Fla.R.Civ.P. 1.410(e) because the subject activity is passive in nature and is not calculated to advance the cause; notwithstanding the argument of the plaintiff, we see no basis for receding from this body of law. Eastern Elevator, Inc. v. Page, 263 So.2d 218, 219-20 (Fla. 1972); Gulf Appliance Distribs., Inc. v. Long, 53 So.2d 706 (Fla. 1951); Industrial Trucks of Fla., Inc. v. Gonzalez, 351 So.2d 744 (Fla. 3d DCA 1977); Latimore v. Matthews, 340 So.2d 1261, 1262 (Fla. 3d DCA 1976); St. Anne Airways Corp. v. Larotonda, 308 So.2d 129 *2 (Fla. 3d DCA), cert. denied, 316 So.2d 295 (Fla. 1975). Moreover, the sua sponte administrative order of the chief judge of the circuit court transferring a new circuit judge into the division of the court where this action was pending cannot, as urged, defeat the dismissal below for failure to prosecute because the order in no way advanced the cause to resolution, and, indeed, was not even a part of the case file below. See Nelson v. Stonewall Ins. Co., 440 So.2d 664, 665 (Fla. 1st DCA 1983).
Second, there was also insufficient record activity for a period of over one year prior to the filing of a motion to dismiss in the plaintiff's action against the defendant Metropolitan Dade County. Besides insufficient withdrawal and substitution of counsel activity which appears of record below, we conclude that the inexplicable reentry of an agreed order on discovery, which was originally entered well over one year prior to the subject motion to dismiss and which set discovery deadlines which had long since expired, was insufficient record activity to defeat a dismissal for failure to prosecute under Fla.R.Civ.P. 1.420(e); the reentry of the order in no way advanced the cause to resolution as it was obsolete, duplicative, and clearly a nullity. See Harris v. Winn-Dixie Stores, 378 So.2d 90 (Fla. 1st DCA 1979). Moreover, for reasons already stated, the chief judge's administrative order discussed above can not defeat the instant dismissal for failure to prosecute.
Finally, no good cause was shown below for the lack of proper record activity, notwithstanding the plaintiff's contrary argument, and, accordingly, the trial court had no alternative but to dismiss both actions for failure to prosecute under Fla.R.Civ.P. 1.420(e).
Affirmed.