553 So.2d 247 (1989)
GOLDEN TRIAD CARRIERS, INC., and Nelson Motor Freightways, Inc., Appellants,
v.
PACO AMERICAN CORPORATION, et al., Appellees.
Nos. 89-1467, 89-969.
District Court of Appeal of Florida, Third District.
November 21, 1989.
*248 John V. Doyle, Daytona Beach, Richard B. Austin, Miami, for appellants.
Garry J. Alhalel, P.A., and Robert M. Abramson, Miami, for appellees.
Before HUBBART, NESBITT and JORGENSON, JJ.
PER CURIAM.
In consolidated appeals, Golden Triad Carriers, Inc. (Golden) and Nelson Motor Freightways, Inc. (Nelson) seek review of a final judgment entered after a nonjury trial awarding money damages to Paco American Corporation (Paco) in an action for lost and damaged freight. For the following reasons, we reverse and remand.
Paco brought an action for damages in the trial court against Golden, the motor carrier, and Nelson, the broker, for negligence, breach of contract, and failure to properly insure shipment against loss or theft. On January 12, 1987, the trial court granted Paco's motion for continuance. Golden filed a motion to dismiss the action for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e) on January 21, 1988, asserting that there was no activity by filing of pleadings, order of court, or otherwise for more than one year after January 12, 1987. The trial court denied the motion and rescheduled the trial. Ultimately, the case went to trial, and the trial court entered final judgment against Golden and Nelson jointly. It is from this order that Golden appeals the trial court's earlier denial of Golden's motion to dismiss for failure to prosecute;[1] Nelson appeals the trial court's final judgment and its denial of Nelson's motion for rehearing.
The trial court should have granted Golden's motion to dismiss for lack of prosecution where the last record activity prior to the filing of that motion was an order continuing trial filed more than one year before, and where Paco failed to show *249 good cause in writing, at least five days before the hearing on the motion, why the action should remain pending. Fla.R.Civ.P. 1.420(a); Hirsch v. Muldowney, 470 So.2d 766 (Fla. 3d DCA 1985). Contrary to Paco's assertion, there was not sufficient nonrecord activity constituting good cause to prevent dismissal.[2]See Barnes v. Ross, 386 So.2d 812, 814 (Fla. 3d DCA 1980) (nonrecord activity may constitute good cause to avoid dismissal for failure to prosecute) (citations omitted). Specifically, the trial court's order denying Golden's motion to dismiss contained no finding of nonrecord activity constituting good cause; Paco offered no written evidence of good cause at least five days before the hearing on the motion, and Paco offered no evidence at the hearing itself.[3] Therefore, we conclude that the trial court erred in denying Golden's motion to dismiss for lack of prosecution. Because Golden's motion to dismiss should have been granted, the trial court's subsequent determination of liability against Golden must also be reversed.[4]Weitzel v. Hargrove, 543 So.2d 392 (Fla. 3d DCA 1989) (reversing final judgment on the issue of liability based on trial court's error in denying defendant's motion to dismiss for failure to prosecute).
With respect to the issue of Nelson's liability, we hold that Nelson's liability, if any, was dependent upon the liability of Golden, the motor carrier. It is the motor carrier which assumes full responsibility for a shipment when it is delivered into the carrier's possession and control for immediate transportation. See Frosty Land Foods Int'l, Inc. v. Refrigerated Transp. Co., 613 F.2d 1344, 1346 (5th Cir.1980) (a common carrier is liable for actual loss or injury to property it transports unless it can show that the damage was caused solely by an act of God, the public enemy, the act of the shipper, public authority, or the inherent nature of the goods). In the instant case, the record reveals that Nelson, the broker, did not have possession of the shipment, and that the loss occurred while the goods were in the possession of Golden, the motor carrier. We are not persuaded by Paco's argument that Nelson is liable for breach of its duty to insure the shipment regardless of whether Nelson is a broker or a carrier. The record shows that the cargo loss at issue was $19,212.50 and that Golden had purchased cargo insurance which covered the entire loss. Therefore, Nelson's duty to insure Paco's shipment could only have been in excess of that already provided by Golden. Because Golden's insurance covered the entire loss, Nelson was not required to provide additional coverage.
Reversed and remanded for proceedings consistent with this opinion.
NOTES
[1] Paco's argument that Golden waived its right to dismissal for lack of prosecution by failing to take an interlocutory appeal from the order of the trial court denying the motion is without merit. An order denying a motion to dismiss for failure to prosecute is not an appealable nonfinal order. Fla.R.App.P. 9.130(a)(3).
[2] In its brief, Paco alleges that, because its principals were in Europe for extended periods during 1987, no trial date was requested.
[3] At the hearing on the motion to dismiss, the trial court only heard argument of Paco's counsel.
[4] Golden's suggestion that it is entitled to an award of attorney's fees under section 57.105, Florida Statutes (1987), is without merit. The record clearly is not devoid of justiciable issues of law or fact.