PER CURIAM.
Newman Johnston III and Phillip C. Ash-er appeal the trial court’s order dismissing their first amended complaint with prejudice. The trial court dismissed the complaint on the ground that the same lawsuit had twice before been voluntarily dismissed. We reverse.
Arthur Lenowitz has been sued once in his corporate capacity for his obligations under a promissory note he executed on December 30, 1982, and three times, including this lawsuit, in his individual capacity for his obligations under an identical promissory note that he executed on December 15, 1982.
The first three lawsuits were filed by the predecessor in interest of Johnston and Asher. The first lawsuit was filed against Lenowitz on the promissory note he executed as the president of Financial Centers of America, Inc., and the second lawsuit was filed on the note Lenowitz executed in his individual capacity. The predecessor in interest voluntarily dismissed the first and second lawsuits without prejudice. The predecessor in interest next filed its third lawsuit, suing Lenowitz for the second time on his individual obligation under the December 15, 1982, note. The trial court dismissed the lawsuit on its own motion for failure to prosecute.
Johnston and Asher, as successors in interest to the earlier plaintiff, filed a fourth lawsuit against Lenowitz individually on the note executed on December 15, 1982. This fourth lawsuit, the third against Lenowitz individually, is the subject of this appeal.
After Johnston and Asher filed their first amended complaint, Lenowitz moved to dismiss. In granting the motion, the trial court stated that “[t]he same note was sued upon by assignors against the Defendant on two prior occasions and voluntarily dismissed. The second voluntary dismissal amounted to a dismissal with prejudice. Consequently this third action on the same note cannot be brought and [is] therefore hereby dismissed with prejudice.”
The trial court, however, erroneously concluded that the third complaint, the second one against Lenowitz individually, had been voluntarily dismissed; the suit was dismissed for failure to prosecute. A dismissal for failure to prosecute that follows a voluntary dismissal is not an adjudication on the merits and, therefore, does not bar a subsequent suit between the same parties on the same cause of action. Hamilton v. Millnul Assocs., 443 So.2d 485, 486 (Fla. 2d DCA 1984). Accordingly, the trial court is reversed. On remand the court shall reinstate the first amended complaint.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HERSEY, GUNTHER and FARMER, JJ., concur.