603 So.2d 88 (1992)
Richard R. HOUSWERTH, Appellant,
v.
Vicki Yates NEIMIEC, Appellee.
No. 91-1852.
District Court of Appeal of Florida, Fifth District.
July 31, 1992.
Richard R. Houswerth, pro se.
J. Reuben Hamlin and Frank C. Wesighan, of Dean, Ringers, Morgan and Lawton, Orlando, for appellee.

ON MOTION FOR CLARIFICATION
HARRIS, Judge.
Appellant's Motion for Clarification is hereby granted. We withdraw our opinion *89 of June 12, 1992 and substitute the following:
Richard R. Houswerth timely appeals from a final order of dismissal in a replevin action.
Houswerth was previously married to Vicki Yates Neimiec. The parties were divorced by final order of dissolution which incorporated a property settlement agreement. In 1988, Houswerth, while he was in prison, filed a replevin action for his property covered by the settlement agreement. The trial court dismissed the complaint for failure to prosecute. This court affirmed the dismissal.[1]
In 1991, while still in prison, Houswerth filed a new replevin action. Neimiec filed a motion to dismiss alleging that the complaint failed to state a cause of action, failed to allege when the cause of action accrued, and was res judicata. In his reply, Houswerth admitted that the cause of action arose in October 1984. Appellee then filed a motion for judgment on the pleadings stating that the statute of limitations had run in the case. The trial court, sua sponte, entered a final order of dismissal with prejudice holding that Houswerth's claim was barred by the doctrine of res judicata because of the prior dismissal.
Houswerth asserts that the trial court erred in dismissing with prejudice his replevin action on the basis of res judicata when the prior action was dismissed without prejudice for lack of prosecution. We agree.
Res judicata operates as an adjudication on the merits, barring a subsequent action on the same claim. McKibbin v. Fujarek, 385 So.2d 724 (Fla. 4th DCA 1980); Drady v. Hillsborough County Aviation Authority, 193 So.2d 201 (Fla. 2nd DCA 1966), cert. denied, 210 So.2d 223 (Fla. 1968). However, a dismissal for failure to prosecute is not a ruling on the merits and therefore cannot be the basis of a subsequent res judicata argument. See Hamilton v. Millnul Associates., 443 So.2d 485 (Fla. 2d DCA 1984); Zukor v. Hill, 84 So.2d 554 (Fla. 1956). In the instant case res judicata was not appropriate. Houswerth's initial case was dismissed without prejudice for failure to prosecute. This court has previously held in a case in which appellant was a party, that a dismissal for want of prosecution does not prevent appellant from filing suit again if all other legal requirements are met. See Houswerth v. Sheriff's Department, 567 So.2d 476 (Fla. 5th DCA 1990). But this does not end our inquiry.
Neimiec urges that even if the trial court erred in dismissing the case on res judicata grounds, the statute of limitations has run and appellant has no valid cause of action. Here the record reflects that the statute of limitations was not tolled by the first action and it has now run. Hamilton v. Largo Paint & Decorating, Inc., 335 So.2d 623 (Fla. 2nd DCA 1976) (where an action is dismissed for lack of prosecution, the time during which it was pending does not toll the statute of limitations and cannot be deducted from the total elapsed time in computing such statute); Barrentine v. Vulcan Materials Co., 216 So.2d 59 (Fla. 1st DCA 1968).
Although the trial court's stated reason is in error, his dismissal, based upon this record, is correct and we affirm under the Tipsy Coachman Rule. See Taylor v. Orlando Clinic, 555 So.2d 876 (Fla. 5th DCA 1989), rev. denied, 567 So.2d 435 (Fla. 1990).
AFFIRMED.
GOSHORN, C.J., and COBB, J., concur.
NOTES
[1] Houswerth v. Neimiec, 571 So.2d 483 (Fla. 5th DCA 1990).