651 So.2d 694 (1995)
BUSS ALUMINUM PRODUCTS, INC., Appellant,
v.
CROWN WINDOW COMPANY, a Florida Progress Company, Inc., Appellee.
No. 94-00925.
District Court of Appeal of Florida, Second District.
January 6, 1995.
Rehearing Denied February 8, 1995.
Daniel Rosefelt, St. Petersburg, and Gary Gordon of Gary Gordon, P.A., Tampa, for appellant.
Thomas G. Long and Mark H. Wright of Barnett, Bolt, Kirkwood & Long, Tampa, for appellee.
ALTENBERND, Judge.
The plaintiff, Buss Aluminum Products, Inc., appeals an order dismissing its lawsuit for failure to prosecute. We affirm. The trial court correctly determined that an untimely and unauthorized reply did not constitute record activity.
Buss Aluminum filed a complaint for breach of contract against Crown Window Company in January 1991, alleging that it had received defective windows from Crown Window. After several dismissals with leave to amend, Buss Aluminum filed its third amended complaint on December 10, 1991. After the denial of another motion to dismiss, Crown Window filed its answer and affirmative defenses on October 31, 1992.
During the next year, Buss Aluminum filed a notice of additional attorney in May, and a "reply" to Crown Window's answer and affirmative defenses on September 17, 1993. On November 1, 1993, Crown Window moved to dismiss for failure to prosecute. The trial court granted this motion. Buss Aluminum does not argue that the notice of additional attorney constitutes record activity. Gulf Appliance Distribs. v. Long, 53 So.2d 706 (Fla. 1951). Thus, the critical question is *695 whether the "reply" is sufficient record activity to prevent the dismissal under Florida Rule of Civil Procedure 1.420(e).
There is no question that a timely authorized reply to an affirmative defense is a pleading that constitutes record activity. In this case, however, the reply was filed approximately ten months late without leave of court. Moreover, the reply states only that the plaintiff "denies and avoids each and every allegation contained in Defendant's ... affirmative defenses and demands strict proof thereof." It contains no additional factual allegations.
Florida Rule of Civil Procedure 1.100(a) states that "[i]f an answer ... contains an affirmative defense and the opposing party seeks to avoid it, the opposing party shall file a reply containing the avoidance. No other pleadings shall be allowed." (Emphasis supplied.) Rule 1.140(a)(1) provides twenty days to serve a reply "[i]f a reply is required." An avoidance is an allegation of additional facts intended to overcome an affirmative defense. Kitchen v. Kitchen, 404 So.2d 203 (Fla. 2d DCA 1981). For example, a plaintiff may allege facts establishing waiver or estoppel to overcome a statute of limitations defense. Tuggle v. Maddox, 60 So.2d 158 (Fla. 1952).
It is well established that a reply should never be used to simply deny an affirmative defense. Moore Meats, Inc. v. Strawn, 313 So.2d 660 (Fla. 1975); Henry P. Trawick, Jr., Trawick's Florida Practice and Procedure § 11-6 (1993).[1] For all practical purposes, a document entitled "reply" which does not contain any additional facts in the nature of avoidance is not a pleading. It does nothing to hasten the suit to judgment and is a mere passive effort to keep the suit on the docket. See Eastern Elevator, Inc. v. Page, 263 So.2d 218 (Fla. 1972). Even if the standard in Del Duca v. Anthony, 587 So.2d 1306 (Fla. 1991), which measures the prosecutorial effect of discovery, were applicable to this document, this stray filing would not pass that test.
Buss Aluminum argues that Crown Window had an obligation to move to strike the untimely, unauthorized reply, and the motion to strike would have reset the clock of prosecution. We disagree. Although an insufficient reply may be challenged by a motion to strike, Fla.R.Civ.P. 1.140(b), a plaintiff cannot avoid a dismissal for failure to prosecute by filing this type of unauthorized document and demanding that the opposing party file a motion to strike.
Affirmed.
RYDER, A.C.J., and QUINCE, J., concur.
NOTES
[1] We do not read the dicta in Ton-Will Enterprises, Inc. v. T & J Losurdo, Inc., 440 So.2d 621 (Fla. 2d DCA 1983), to announce a contrary rule.