673 So.2d 558 (1996)
Paul B. JOHNSON and Cindy L. Johnson, Appellants,
v.
CLAIMS PREVENTION & MANAGEMENT SERVICES, INC., Appellee.
No. 95-2862.
District Court of Appeal of Florida, First District.
May 20, 1996.
*559 Clyde M. Collins, Jr., Jacksonville, for Appellants.
Darla Jean Christopher of Brown and Christopher, Starke, for Appellee.
PER CURIAM.
The final judgment of foreclosure, entered pursuant to appellee's motion for summary judgment, is reversed. Following appellants' answer to the complaint for foreclosure, appellee responded, denying the affirmative defenses asserted. These affirmative defenses, which included allegations of fraud and illegality, were not addressed in the motion for summary judgment. No where in the record is it indicated that appellee either disproved the affirmative defenses by evidence, or demonstrated to the trial court that the affirmative defenses were legally insufficient.
"It is well established that fraud can be a valid defense in a foreclosure action." Norris v. Paps, 615 So.2d 735 (Fla. 2d DCA 1993). "The issue of fraud generally should not be disposed of by summary judgment," Barrios v. Duran, 496 So.2d 239 (Fla. 3d DCA 1986), cited in Sunchase Apartments v. Sunbelt Service Corp., 596 So.2d 119 (Fla. 1st DCA 1992). "A court cannot grant summary judgment where a defendant asserts legally sufficient affirmative defenses that have not been rebutted." Haven Federal Savings & Loan Association v. Kirian, 579 So.2d 730 (Fla.1991). "When, as here, the non-moving party has raised affirmative defenses, it is incumbent upon the moving party to `either disprove [those] affirmative defenses or establish their legal insufficiency.'" Parker v. Dinsmore Co., 443 So.2d 356 (Fla. 1st DCA 1983) (citation omitted). See also Cufferi v. Royal Palm Development Co., 516 So.2d 983 (Fla. 4th DCA 1987); Ton-Will Enterprises, Inc. v. T & J Losurdo, Inc., 440 So.2d 621 (Fla. 2d DCA 1983).
REVERSED and REMANDED for further proceedings consistent with this opinion.
JOANOS, WOLF and BENTON, JJ., concur.