PER CURIAM.
We affirm that portion of the summary final judgment dismissing appellants’ counterclaim. The trial court’s order modifying the terms of rescission was proper under 15 U.S.C.A. § 1635(b). As stated in Williams v. Homestake Mortgage Co., 968 F.2d 1137, 1141 (11th Cir.1992),
Congress, through its legislative history, has made it quite clear that “the courts, at any time during the rescission process, may impose equitable conditions to insure that the consumer meets his obligations after the creditor has performed his obligations as required by the act.”
(quoting S.Rep. No. 368, 96th Cong., 2d Sess. 29 (1980), reprinted in 1980 U.S.C.C.A.N. 236, 265.)
We reverse the summary final judgment of foreclosure. As affirmative defenses by way of recoupment, appellants had alleged violations of the Federal Truth in Lending Act (TILA), 15 U.S.C.A. § 1601 et seq. (West 1982 & Supp.1995). Nothing in the record demonstrates that appellee disproved the affirmative defenses, demonstrated their legal insufficiency, or liquidated the amount of statutory or actual damages that would have partially offset the debt owed to appellee. See, e.g., Johnson v. Claims Prevention & Management Services, Inc., 673 So.2d 558 (Fla. 1st DCA 1996).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
STEVENSON and GROSS, JJ., and GROSSMAN, MELVIN B., Associate Judge, eoncur.