PER CURIAM.
The appellant alleges that the trial court abused its discretion by failing to allow him *722 to amend portions of Ms complaint after they were dismissed. He contends that the trial court should have been more lenient in allowing him to amend his complaint since the original complaint and first amended complaint were filed pro se. This argument seems to be contradicted by the appellant’s original complaint in which he specifically alleged that he “has retained ... (a) firm ... and has agreed to pay him a reasonable fee therefore.” His first amended complaint seemed to provide some support for his argument in that he alleged that he “is presently negotiating with a major law firm and will pay them a reasonable fee therefore.”
Regardless, assuming that the first two pleadings signed by Schraw were prepared by him without help of legal counsel, the third pleading, accompanied by supporting memorandum of law, were prepared and signed by appellant’s counsel. But these too failed to set forth any new facts or arguments to support the appellant’s claim. In total, the trial judge afforded the appellant three opportunities to sufficiently plead his claims, and importantly, the last opportunity was accompanied by a court required memorandum of law in which the appellant’s counsel articulated each of the theories in which the appellant believed he had standing. This memorandum was twelve pages in length. The lower court reviewed this memorandum, heard argument by the appellant’s counsel, and determined conclusively that the appellant could plead no set of facts that could confer standing to assert claims for damage to real property.
We conclude the lower court did not abuse its discretion in making such determination, especially in light of the fact that the appellant’s counsel has not demonstrated what further amendment could be made if given the opportunity. See Price v. Morgan, 436 So.2d 1116 (Fla. 5th DCA 1983), rev. denied, 447 So.2d 887 (Fla.1984); Alvarez v. DeAguirre, 395 So.2d 213 (Fla. 3d DCA 1981) (while the policy in Florida is to liberally allow amendments to pleadings where justice so requires, a trial judge in the exercise of sound discretion may deny further amendments where a case has progressed to a point that liberality ordinarily to be indulged has diminished; in addition to the desirability of allowing amendments to pleadings so that cases may be concluded on their merits, there is an equally compelling obligation on the court to see to it that the end of all litigation be finally reached).
We find no merit in the other points raised by the appellant.
AFFIRMED.
PETERSON, C.J., and W. SHARP and GOSHORN, JJ., concur.