870 So.2d 89 (2003)
CPI MANUFACTURING CO., INC., Appellant,
v.
INDUSTRIAS ST. JACK'S, S.A. DE C.V., ETC., Appellee.
Nos. 3D02-3169, 3D02-3315.
District Court of Appeal of Florida, Third District.
November 19, 2003.
Rehearing and Rehearing Denied April 14, 2004.
*90 Stanley Jay Bartel, Miami, for appellant.
Markowitz, Davis, Ringel & Trusty, and Joseph I. Davis, Miami, for appellee.
Before LEVY, GERSTEN, and RAMIREZ, JJ.
Rehearing and Rehearing En Banc Denied April 14, 2004.
RAMIREZ, J.
This case concerns the applicability of Florida Rule of Civil Procedure 1.090(b)(2) in the context of a dismissal for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e). Appellant/Plaintiff CPI Manufacturing Co., Inc. claims that the trial court erred in entering a Final Judgment of Dismissal and an Order Denying Plaintiff's Motion for Extension of Time in Which to File Notice for Trial. We affirm because we conclude that the trial court properly applied the procedure delineated in rule 1.420(e), which specifically deals with the failure to prosecute, instead of rule 1.090(b)(2), which generally deals with enlargements of time.
In 1998, CPI, a Florida corporation, sued appellee/defendant Industries St. Jack's, S.A. de C.V., a company incorporated in El Salvador, for breach of contract. CPI's counsel does not dispute that there was a period of one year without record activity. He alleges, however, that before he left on his yearly three-week vacation in August-September 2002, he instructed his long-time secretary and paralegal to prepare and file a Notice of Unavailability and Motion for Extension of Time in all his pending cases. In addition, he alleges that he reviewed the pleadings binder in this case and discovered that it had been pending for ten months without record activity. He then dictated a motion seeking an extension of time in which to file a formal Notice for Specifically Set Trial.
CPI's counsel alleges that due to a mix-up in his office, his secretary/paralegal could not handle the transcription of all the motions and counsel's notices of extension of time, so part-time help was hired for these tasks. One of the part-time secretaries assigned to the file failed to type the dictated motion and instead typed the standard Notice of Non-Availability and Motion for Extension of Time, placed them back in the file and returned the file back into the filing cabinet.
On September 18, 2002, St. Jack's filed its Motion to Dismiss for Failure to Prosecute and a notice of hearing setting the motion for September 26, 2002. On September 19, 2002, CPI's counsel requested that the September 26 hearing be continued due to a conflict, so the hearing was renoticed for October 1, 2002.
On September 27, 2002, CPI filed 1) a Request for nunc pro tunc Extension of Time, which attached CPI counsel's Notice of Absence from Jurisdiction and Motion for Extension of Time; 2) Affidavit of Maria Alfaro (CPI's attorney's secretary/paralegal); 3) Response to Motion to Dismiss for Failure to Prosecute; 4) Notice for Jury Trial and Request for Special *91 Setting; and 5) Notice of Hearing for October 1, 2002 on CPI's Request for Nunc Pro Tunc Extension of Time. CPI never availed itself of rule 1.420(e) by attempting to show good cause.
On October 1, 2002, the trial court held the hearing on St. Jack's Motion to Dismiss and CPI's Request for Nunc Pro Tunc Extension of Time. The trial judge entered a Final Judgment of Dismissal and denied Plaintiff's Motion for Extension of Time.
On appeal, CPI contends that the trial court erred by dismissing its action without prejudice and not applying the provisions of rule 1.090(b)(2) to extend the one-year time limitation in rule 1.420(e), St. Jack's answers that rule 1.090(b)(2)'s permissive time enlargement should not be available to extend the mandatory one-year failure to prosecute period in rule 1.420(e). St. Jack's contends that rules 1.090(b)(2) and 1.420(e) are not in conflict, thus the trial court was correct by dismissing the action without prejudice for failure to prosecute. We agree with St. Jack that the specific provisions of rule 1.420(e) take precedence over the general provisions of rule 1.090(b)(2).
Rule 1.420(e) specifically sets out the procedure for dismissing a case for lack of prosecution. It requires that the trial court dismiss a case where no activity appears on the face of the record for one year, unless the party moved against demonstrates in writing, at least five days before the hearing on the motion to dismiss, good cause as to why the action should remain pending. The rule states, in pertinent part:
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute. (Emphasis added).
Rule 1.420 is a mandatory rule. Metropolitan Dade County v. Hall, 784 So.2d 1087, 1090 (Fla.2001). Unless a party can satisfy the exceptions provided for in the rule, it specifically states "shall dismiss," and there is no discretion on the trial court's part if it is demonstrated to the trial court that no action toward prosecution has been taken within a year.
In addition, the resolution of a motion to dismiss for failure to prosecute involves a two-step process. First, the defendant is required to show there has been no record activity for one year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should remain pending. See National Enters., Inc. v. Foodtech Hialeah, Inc., 777 So.2d 1191, 1193 (Fla. 3d DCA 2001). CPI would have us rewrite the rule to change the "good cause" criteria to an "excusable neglect" standard.
In contrast to the mandatory provisions of rule 1.420(e), rule 1.090(b)(2) is a discretionary rule. It states the following:
(b) Enlargement. When an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown the court at any *92 time in its discretion (1) with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect, but it may not extend the time for making a motion for new trial, for rehearing, or to alter or amend a judgment; making a motion for relief from a judgment under rule 1.540(b); taking an appeal or filing a petition for certiorari; or making a motion for a directed verdict. (Emphasis added).
The standard for relief under rule 1.090(b)(2) is "excusable neglect," unlike the "good cause" standard provided under rule 1.420(e). In the trial court's Order Denying Plaintiff's Motion for Extension of Time in Which to File Notice for Trial, the court found that even under a finding of excusable neglect in this case, the extension of time of the one-year statutory period in which to affirmatively prosecute an action was not available as a matter of law. We agree with the trial court in its application of rule 1.420(e).
CPI argues that by dismissing its case against St. Jack's for failure to prosecute, the trial court created an eighth exception to rule 1.090(b)(2). However, CPI cites no case law suggesting that the seven exceptions are the only exceptions allowed. At the same time, CPI argues that the trial court erred by failing to create a fourth exception to rule 1.420(e) (a rule 1.090(b)(2) time enlargement due to excusable neglect). We cannot agree with CPI's reasoning. However, we agree with St. Jack's that if we relieve CPI from the mandatory dismissal under rule 1.420(e), we are effectively deleting the "good cause" showing provision of rule 1.420(e). Basically, a party who fails to make a timely written good cause showing five days before a hearing on a failure to prosecute motion to dismiss can then avoid dismissal simply by filing a motion for nunc pro tunc enlargement of time. There is no support for CPI's position, nor do we find it logical.[1]
CPI had from September 19, 2002, when it received St. Jack's Motion to Dismiss for Failure to Prosecute, to file its written good cause showing as to why the case should not be dismissed. CPI did not file anything in response to the motion to dismiss until September 27, 2002. Under rule 1.420(e), the written good cause showing needed to be filed no later than September 24, 2002. As such, CPI has failed to make a showing that the trial court abused its discretion in dismissing the case as it was required to do under the rule.
We are further guided by the rules of statutory construction in holding that the dismissal was warranted here. Similar to statutory construction rules, "the rules of civil procedure on a given subject are intended to be an integrated whole in which all provisions relating thereto are to be construed in light of each other." Jones v. Seaboard Coast Line R. Co., 297 So.2d 861, 864 (Fla. 2d DCA 1974). As in statutory construction, the rules *93 must be read as a cohesive whole, and a rule should not be construed in such a way as to render another rule meaningless. In addition, a more specific statutory provision governs over a more general provision. See Gretz v. Florida Unemployment Appeals Comm'n, 572 So.2d 1384, 1386 (Fla.1991); T.S. v. Clemons, 770 So.2d 197, 199 (Fla. 2d DCA 2000); C.S. v. S.H., 671 So.2d 260, 268 (Fla. 4th DCA 1996) (specific statute covering particular subject area controls over statute covering same and other subjects in more general terms, as more specific statute is considered to be exception to general terms of more general statute).
In sum, dismissal here was properly entered because there was no prosecution for a period of one year or more. CPI showed no good cause in writing at least five days prior to the hearing on the motion to dismiss for failure to prosecute as to why the action should remain pending. As such, the trial court did not abuse its discretion in entering the two orders under review. Accordingly, where no good cause is shown, the trial court is bound to dismiss the case. See Nesbitt v. Community Health of South Dade, Inc., 566 So.2d 1, 2 (Fla. 3d DCA 1989), Heinz v. Watson, 615 So.2d 750, 753-4 (Fla. 5th DCA 1993) and Golden Triad Carriers, Inc. v. Paco American Corp., 553 So.2d 247 (Fla. 3d DCA 1989).
Affirmed.
NOTES
[1] In addition, we note that CPI's "good cause" showing was questionable. See FPL v. Gilman, 280 So.2d 15 (Fla. 3d DCA 1973) (an officer by the plaintiff's attorney and that attorney's inadvertent failure to prosecute is not such good cause as is contemplated by the rule) (citation omitted). We further point out that the trial court correctly entered the dismissal without prejudice. A dismissal without prejudice is not an adjudication on the merits. See Hamilton v. Millnul Assocs., 443 So.2d 485, 486 (Fla. 2d DCA 1984). Thus, the plaintiff can refile the suit. Id.