864 So.2d 1122 (2003)
Pamela WILSON, Individually and as Parent and next friend of Gloriann Wilson, minor child, Appellant,
v.
Eva J. SALAMON, M.D., and Bond Clinic, P.A., Appellees.
No. 2D02-5773.
District Court of Appeal of Florida, Second District.
December 31, 2003.
*1123 Wayne Johnson of DeCiccio & Johnson, Winter Park, for Appellants.
Robert A. Hannah and Robin D. Black of Hannah, Estes & Ingram, P.A., Orlando, for Appellees.
ALTENBERND, Chief Judge.
Pamela Wilson, individually and as parent and next friend of Gloriann Wilson, appeals the trial court's order dismissing her medical malpractice action for failure to prosecute. We affirm the order, but certify a question to the Supreme Court of Florida.
Ms. Wilson filed her complaint on March 15, 2001, alleging that her daughter sustained personal injuries at the time of her birth on March 17, 1999, as the result of the negligence of Eva J. Salomon, M.D., and Bond Clinic, P.A. (the defendants). The defendants filed a timely answer. On June 25, 2001, an attorney from Massachusetts, Kenneth Levine, filed a motion to appear pro hac vice as co-counsel for Ms. Wilson. Our record does not establish that an order was ever entered on this motion. Following some discovery, the defendants objected to certain interrogatories and filed responses to requests for production on October 29, 2001.[1] Thereafter, there was no record activity in this file until Vivian Sparacio, Mr. Levine's partner, filed a comparable motion to appear pro hac vice as co-counsel for Ms. Wilson. This motion was granted by an order filed on April 4, 2002. Following this order, no activity occurred in the record until the defendants moved to dismiss the action on November 4, 2002.
The dispositive issue on appeal is whether an order permitting a foreign attorney to appear as co-counsel pursuant to the procedures contained in Florida Rule of Judicial Procedure 2.061 constitutes record activity for purposes of Florida Rule of Civil Procedure 1.420(e). Under existing case law, an order substituting counsel is a "passive" document that the supreme court does not regard as record activity. See Gulf Appliance Distribs., Inc. v. Long, 53 So.2d 706 (Fla.1951); Eastern Elevator, Inc. v. Page, 263 So.2d 218, 220 (Fla.1972); cf. Buss Aluminum Prods. v. Crown Window Co., 651 So.2d 694 (Fla. 2d DCA 1995) (holding unauthorized and tardy "reply" is not record activity). Because we cannot distinguish an order permitting the appearance of out-of-state counsel from the order substituting counsel in Gulf Appliance, we affirm the dismissal.
Despite our reliance on Gulf Appliance, we note that the rule announced in Gulf Appliance was established as an interpretation of a statute requiring "action," as compared to rule 1.420, which requires "activity." See § 45.19, Fla. Stat. (1949). It is not entirely clear that the legislature's intent when enacting section 45.19 was the same as the supreme court's intent when adopting rule 1.420(e). Rule 1.420(e) has never contained an express exception for "passive" court orders. In the fifty years since Gulf Appliance was decided, the courts have never managed to establish a workable, predictable definition that distinguishes "passive" activity from "active" activity. See generally Abaddon, Inc. v. Schindler, 826 So.2d 436 (Fla. 4th DCA 2002); Nat'l Enter., Inc. v. Foodtech Hialeah, Inc., 777 So.2d 1191 (Fla. 3d DCA 2001). Under the current rule it is arguable that any action taken in good faith by attorneys in a trial court that necessitates a court order should be treated as record *1124 activity sufficient to preclude dismissal for failure to prosecute.
Two supreme court cases decided after Gulf Appliance present differing views of "record activity" and cause this court to question whether court orders, especially court orders that are correctly entered to resolve motions properly filed in good faith pursuant to the rules of procedure, are "passive" activity. In 1991, the supreme court clarified the process used to determine whether documents prepared and filed by counsel are sufficient activity to avoid a dismissal for failure to prosecute under rule 1.420(e). See Del Duca v. Anthony, 587 So.2d 1306 (Fla.1991). The supreme court described a two-step process that requires an initial check to determine whether there has been record activity. If there has been no such activity, as a second step, the plaintiff is given an opportunity to establish good cause why the action should not be dismissed. In Del Duca, the court stated that it was establishing rules to determine the existence of record activity under step one, which would apply to discovery documents actually filed in the record. 587 So.2d at 1309. Thus, the rules announced in Del Duca do not apply to the court order entered in this case. If those rules did apply, an order entered in good faith by the trial court to resolve a proper motion would clearly be "active" record activity.
In Metropolitan Dade County v. Hall, 784 So.2d 1087 (Fla.2001), the supreme court considered a case involving nonrecord discovery items and an unfiled offer of judgment. It found that this activity was sufficient under the second step described in Del Duca. However, in so ruling, the court stated that its analysis in Del Duca was not for use in the first step, but rather in the second step. 784 So.2d at 1090. As to the first step, the court stated:
Rule 1.420(e) plainly states that actions "shall" be dismissed if it appears on the face of the record that there was no activity within the past year. This requires only a review of the record. There is either activity on the face of the record or there is not.
784 So.2d at 1090 (footnotes omitted). This language in Hall suggests that the supreme court may be retreating from the earlier cases that analyze the first step to determine whether the activity on the face of the record is either passive activity or active activity.
We are well aware that the supreme court does not overrule itself by implication. F.B. v. State, 852 So.2d 226 (Fla.2003); Puryear v. State, 810 So.2d 901 (Fla.2002). Uncertainty in this area, however, is undesirable because a mistake by a plaintiff's attorney in assessing the vitality of a court order is likely to result in either the permanent loss of the plaintiff's claim or a new claim for legal malpractice. Accordingly, we certify the following question as a matter of great public importance:
AFTER THE DECISION IN METROPOLITAN DADE COUNTY V. HALL, 784 So.2d 1087 (Fla.2001), ARE TRIAL COURT ORDERS THAT ARE ENTERED AND FILED TO RESOLVE MOTIONS THAT HAVE BEEN PROPERLY FILED IN GOOD FAITH UNDER THE RULES OF PROCEDURE AUTOMATICALLY TREATED AS ACTIVITY, OR MUST THE TRIAL COURT CONTINUE TO ASSESS ITS OWN ORDERS TO DETERMINE WHETHER THEY ARE PASSIVE ENTRIES IN THE COURT RECORD?
Affirmed.
SILBERMAN and KELLY, JJ., Concur.
NOTES
[1] These documents are not in our record, but are reflected on the trial court's progress docket.