870 So.2d 177 (2004)
Philippe H. MORANSAIS, Appellant,
v.
Lennon D. JORDAN and J. Larry Sauls, Appellees.
No. 2D03-2033.
District Court of Appeal of Florida, Second District.
February 18, 2004.
Rehearing Denied March 26, 2004.
*178 Donald E. Fucik of Law Office of Bohdan Neswlacheny, Fort Lauderdale, for Appellant.
Christine A. Donoghue of Gray Robinson, P.A., Tampa, and Mark N. Miller of Gray Robinson, P.A., Lakeland, for Appellees.
KELLY, Judge.
Philippe H. Moransais appeals the trial court order dismissing his professional malpractice action against engineers Lennon D. Jordan and J. Larry Sauls (the defendants) for failure to prosecute. We affirm the dismissal, but certify a question to the Supreme Court of Florida.
On January 13, 2003, the defendants filed a motion to dismiss this action citing Florida Rule of Civil Procedure 1.420(e). Rule 1.420(e) provides that all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of one year shall be dismissed unless good cause is shown in writing. In the year preceding the filing of the defendants' motion, the record activity consisted of a motion by Moransais' counsel to withdraw, an order granting that motion, and a notice of appearance by Moransais' new attorney. The trial court concluded that this record activity was not sufficient to prevent dismissal and that Moransais had failed to demonstrate good cause for the lack of activity.
The dispositive issue in this case is whether pleadings, notices, or orders pertaining to the withdrawal of counsel constitute record activity for the purposes of rule 1.420(e). The trial court reasoned that this activity was not sufficient to avoid dismissal because it was passive activity not calculated to advance the case to judgment. Moransais argues that the trial court's conclusion is erroneous because rule 1.420(e) does not place any qualifications *179 on the type of activity that must appear in the record. However, regardless of the lack of qualifying language in the rule, the supreme court has repeatedly declared that the "record activity" required by rule 1.420(e) must be more than a mere passive effort to keep the case on the docket; the activity must constitute an affirmative act calculated to hasten the suit to judgment. Toney v. Freeman, 600 So.2d 1099 (Fla.1992); E. Elevator, Inc. v. Page, 263 So.2d 218 (Fla.1972); Gulf Appliance Distribs., Inc. v. Long, 53 So.2d 706 (Fla.1951). Courts that have considered the question presented in this case have uniformly concluded that notices, pleadings, or orders related to the withdrawal or substitution of counsel are passive in nature and not calculated to advance the cause. See E. Elevator, Inc., 263 So.2d at 219-20; Gulf Appliance Distribs., Inc., 53 So.2d at 707; Modellista de Europa (Corp.) v. Redpath Inv. Corp., 714 So.2d 1098 (Fla. 4th DCA 1998); Nesbitt v. Cmty. Health of S. Dade, Inc., 566 So.2d 1 (Fla. 3d DCA 1989); Berenyi v. Halifax Hosp. Med. Ctr., 498 So.2d 655 (Fla. 5th DCA 1986); cf. Wilson v. Salamon, 864 So.2d 1122 (Fla. 2d DCA 2003) (holding that an order allowing a foreign attorney to appear as co-counsel pursuant to Florida Rule of Judicial Administration 2.061 does not constitute record activity for the purposes of rule 1.420(e)). Accordingly, the trial court correctly found that Moransais' action was subject to dismissal for failure to prosecute.
Once the trial court determined that the action was subject to dismissal for lack of prosecution, the burden shifted to Moransais to show good cause why the action should not be dismissed. See Del Duca v. Anthony, 587 So.2d 1306 (Fla. 1991). We find no abuse of discretion in the trial court's decision that Moransais failed to make such a showing. Accordingly, we affirm the trial court's order dismissing this case.
Although the existing case law requires an affirmance in this case, we note that the argument Moransais makes raises the same concern that this court expressed in Wilson. Accordingly, for the reason expressed in Wilson, we likewise certify the following question as one of great public importance:
AFTER THE DECISION IN METROPOLITAN DADE COUNTY v. HALL, 784 So.2d 1087 (Fla.2001), ARE TRIAL COURT ORDERS THAT ARE ENTERED AND FILED TO RESOLVE MOTIONS THAT HAVE BEEN PROPERLY FILED IN GOOD FAITH UNDER THE RULES OF PROCEDURE AUTOMATICALLY TREATED AS ACTIVITY, OR MUST THE TRIAL COURT CONTINUE TO ASSESS ITS OWN ORDERS TO DETERMINE WHETHER THEY ARE PASSIVE ENTRIES IN THE COURT RECORD?
864 So.2d at 1124.
Affirmed; question certified.
NORTHCUTT, J., and THREADGILL, EDWARD F., Senior Judge, Concur.