925 So.2d 440 (2006)
Richard L. WALTERS, Appellant,
v.
OCEAN GATE PHASE I CONDOMINIUM, etc., et al., Appellees.
No. 5D04-2960.
District Court of Appeal of Florida, Fifth District.
April 7, 2006.
*441 John B. Bamberg, St. Augustine, for Appellant.
John L. Whiteman of Rogers Towers, P.A., St. Augustine, for Appellees.
THOMPSON, J.
Richard L. Walters appeals the circuit court's order that dismissed all counts of his second amended complaint. Walters' claims concerned condominium assessments he contended were the responsibility of the subsequent owners of his units. Ordered in administrative proceedings to make restitution to the condominium association for $68,710.92 in assessments and a $10,000 civil penalty, Walters sought to impose these obligations upon the owners and the association. This court earlier dismissed the appeal regarding Counts I, II, and IV because the circuit court's order, entered without prejudice, was a nonappealable nonfinal order. See Morgan v. Blancher, 489 So.2d 1217, 1218 (Fla. 2d DCA 1986). The appeal concerning Count III for specific performance remained. We dismiss the remaining appeal as to *442 James Robinson and John Nelson, because Walters still has an unresolved claim against them. See Dalola v. Barber, 757 So.2d 1215, 1216 (Fla. 5th DCA 2000); Hallock v. Holiday Isle Resort & Marina, Inc., 885 So.2d 459, 461-62 (Fla. 3d DCA 2004). However, we affirm the dismissal with prejudice of Walters's claim for specific performance with respect to McDonough LLLP ("McDonough"), Loulie Robinson ("Loulie"), and Bonnie Nelson ("Bonnie").
McDonough, Loulie, and Bonnie are not named parties in any other count. Therefore, the order dismissing Count III with prejudice completely disposed of Walters's claims against them. See Fla. R.App. P. 9.110(k); Dalola, 757 So.2d at 1216; Shepardson v. Shepardson, 820 So.2d 360, 362 (Fla. 1st DCA 2002). Therefore, this court has jurisdiction over the appeal of the order dismissing Walters's count for specific performance against them. See, e.g., Bankers Mut. Capital Corp. v. United States Fid. & Guar. Co., 784 So.2d 485, 487 (Fla. 4th DCA 2001).
The trial court held that Walters's claim for specific performance was barred by the one-year statute of limitations provided by section 95.11(5)(a), Florida Statutes (2004). Generally, the statute of limitations cannot be raised in a motion to dismiss unless the complaint affirmatively shows its conclusive applicability to bar the action. Simon v. Celebration Co., 883 So.2d 826, 831 (Fla. 5th DCA 2004) (citing New York State Dept. of Taxation v. Patafio, 829 So.2d 314, 316 (Fla. 5th DCA 2002)). Because the second amended complaint failed to set forth with particularity when Walters discovered the buyers' intent not to assume liability for the assessments, the trial court erred in ruling that the complaint conclusively established that the statute of limitations barred Count III. See id. The defendants concede that the trial court erred, but assert that this court should affirm on the basis of the "Tipsy Coachman" doctrine. Houswerth v. Neimiec, 603 So.2d 88, 89 (Fla. 5th DCA 1992); Holland v. Holland, 458 So.2d 81, 85 n. 3 (Fla. 5th DCA 1984) (Cowart, J., dissenting). We agree.
Walters's initial complaint was filed in October 2003 and accompanied by signed warranty deeds to the buyers. In his second amended complaint, Walters requested specific performance and argued that the land was really sold "AS IS, WHERE IS ... WITH ALL FAULTS, IF ANY," which, according to Walters, meant that he was relieved of liability for past due assessments, for which the buyers had accepted responsibility. Notably, Walters never attached to his complaint any such real estate purchase and sale agreements that showed this "contract."
We find that two reasons justify the application of the "Tipsy Coachman" rule to affirm the order dismissing Count III with prejudice with respect to McDonough, Loulie, and Bonnie. First, Walters's second amended complaint failed to set forth any new facts or argument to support his claim. See, e.g., Schraw v. Estate of Hester, 693 So.2d 721, 722 (Fla. 5th DCA 1997). He alleged precisely the same facts and argument that the trial court had explicitly and correctly ruled inadequate when it dismissed his first amended complaint on 16 March 2004. The trial court found:
1. That Count III of the Plaintiff's Amended Complaint seeks a declaration... that the Defendants are responsible for the payment of certain unpaid condominium assessments . . ., which Unpaid Assessments accrued prior to the date of *443 the conveyance of the units from the Plaintiff to the Defendants.
* * *
3. That the Plaintiff's assertion that the Defendants accepted title to the . . . units which contained no warranties of title is contradicted by the four deeds themselves, which are each entitled "Warranty Deed" and which each contain the following language "and said Grantor does hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever."
The trial court dismissed this count, which had sought declaratory relief:
Overlooking the patent inconsistency in Plaintiff's Complaint, and thereby accepting as true the Plaintiff's assertion that the Defendants accepted title to the units without any warranties of title, such, in and of itself, does not work a transfer or assumption ... of the Plaintiff's obligation to pay assessments which accrued prior to the conveyance.
* * *
Assuming that the mere acceptance of a deed without warranties of title is sufficient to work a transfer ... of the personal liability of the grantor to pay assessments..., the Plaintiff's Amended Complaint, nevertheless, must be dismissed for its failure to state a cause of action, because it asserts at the same time both the absence and the existence of warranties of title. This inconsistency is fatal to a pleading which predicates entitlement to relief on an absence of warranties.
Nevertheless, Walters's second amended complaint repeated virtually identical allegations; he merely changed the heading from "declaratory judgment" to "specific performance." Thus, Walters has not demonstrated what further amendment he could make if given the opportunity. Schraw, 693 So.2d at 722. "[A]mendment should be allowed until the privilege to do so has been abused or the opposing party is prejudiced or the amendment is futile. . . . Generally three ineffective attempts to state the same cause of action... are enough." Trawick's Florida Practice & Procedure § 14-2 at 225 (2006). The case has reached "a point in litigation when defendants are entitled to be relieved from the time, effort, energy, and expense of defending themselves against seemingly vexatious claims." Kohn v. Miami Beach, 611 So.2d 538, 539 (Fla. 3d DCA 1992). Although Walters has not had the four to ten cracks at stating a valid cause of action that courts typically prefer before affirming dismissals with prejudice, Samuels v. King Motor Co., 782 So.2d 489, 501 (Fla. 4th DCA 2001), the record makes it apparent that Walters's pleading on Count III cannot be amended to state a cause of action. See Gladstone v. Smith, 729 So.2d 1002, 1003 (Fla. 4th DCA 1999). Accordingly, the court should have dismissed the action with prejudice for failure to state a claim. The trial court should not have ruled on the basis that the statute of limitations had expired, but it would have been required as a matter of law to dismiss the count for failure to state a cause of action. That requirement constitutes the second reason we find that the "Tipsy Coachman" rule applies.
Even if Walters had articulated some semblance of a count for specific performance, the court could not find that he stated a cause of action. Walters did not indicate any contract or agreement sought to be enforced and neglected to attach copies of real estate purchase and sales agreements. The failure to attach appropriate documents was problematic because "[a] complaint based on a written instrument does not state a cause of action *444 until the instrument or an adequate portion thereof, is attached to or incorporated in the complaint." Contractors Unlimited v. Nortrax Equip. Co. Southeast, 833 So.2d 286, 288 (Fla. 5th DCA 2002) (citing Samuels v. King Motor Co. of Fort Lauderdale, 782 So.2d 489 (Fla. 4th DCA 2001), and Fla. R. Civ. P. 1.130(a)).
The trial court reached the right result for the wrong reason; accordingly, we affirm the order dismissing with prejudice the count for specific performance against McDonough, Loulie, and Bonnie. See Houswerth, 603 So.2d at 89.
Accordingly, with respect to James Robinson and John Nelson, we DISMISS the appeal WITHOUT PREJUDICE to their rights to file a timely notice of appeal once a final order is rendered in the case below. We AFFIRM the order of the trial court dismissing with prejudice Walters's claim for specific performance against McDonough, Loulie, and Bonnie.
PLEUS, C.J. and SAWAYA, J., concur.